Filed 1/31/14  Stockwell, Harris, Widom, Woolverton & Muehl v. Superior Court CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STOCKWELL, HARRIS, WIDOM, WOOLVERTON & MUEHL et al., | B250576 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC415845) |
| v. | |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, | |
| Respondent; | |
| RICHARD M. WIDOM, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Maureen Duffy-Lewis, Judge.  Petition granted.

Cohon & Pollak, Jeffrey M. Cohon, Henry Nicholls; Sedgwick, Robert F. Helfing and Heather L. McCloskey for Petitioners.

No appearance for Respondent.

Katten Muchin Rosenman, Steve Cochran, Stacey McKee Knight and Janella T. Gholian for Real Party in Interest.

Stockwell, Harris, Widom, Woolverton & Muehl, a California professional corporation (the Stockwell firm), and three of its members, George Woolverton, Steven Harris and Edward Muehl (collectively Defendants), challenge an order denying their motion to reopen discovery. They contend our decision in a series of consolidated writ proceedings involving discovery matters and a motion in limine will result in a new trial so as to automatically reopen discovery with a new discovery cutoff date under Code of Civil Procedure section 2024.020.[1] They also contend, in the alterative, the trial court abused its discretion in denying their motion to reopen discovery on limited issues.

We conclude that our decision on pretrial matters involving discovery disputes and a motion in limine did not automatically reopen discovery, but the denial a discretionary reopening in these circumstances was an abuse of discretion. We therefore will grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

1.    *Factual Background*

Widom is a member of the Stockwell firm and was employed by the firm in April 2009. Widom's wife at the time, Lisa Kerner, was also employed by the firm. She accused Widom of domestic violence against her in an incident that occurred in March 2009. The Stockwell firm notified Widom in April 2009 that his employment

---

[1]    All statutory references are to the Code of Civil Procedure unless stated otherwise.

was terminated based on the alleged domestic violence and other allegations of misconduct.

 2. *Pretrial Proceedings*

 Widom filed a complaint against Defendants in June 2009 and filed a second amended complaint in August 2010 alleging that the Stockwell firm terminated his employment without cause to avoid paying him salary, benefits, and deferred compensation.  He alleges counts for (1) involuntary dissolution of the Stockwell firm corporation, (2) breach of fiduciary duty, (3) breach of oral contract, (4) breach of implied-in-fact contract, (5) breach of written contract, (6) declaratory relief, (7) reformation of contract, (8) breach of oral contract, (9) promissory estoppel, (10) fraud, (11) negligent misrepresentation, (12) defamation, (13) intentional interference with prospective economic advantage, (14) negligent interference with prospective economic advantage, and (15) unfair competition.

 The Stockwell firm filed a cross-complaint against Widom and Law Offices of Richard M. Widom, LLP, in January 2010 and filed a second amended cross-complaint against the same cross-defendants in October 2010 alleging counts for (1) breach of fiduciary duty, (2) interference with contract, (3) interference with prospective economic advantage, (4) violation of Labor Code sections 2854 and 2865, (5) accounting, and (6) unfair competition.

 The trial court initially set the matter for trial to begin on July 14, 2010.  The court later continued the trial date to April 20, 2011, and extended the discovery cutoff date to March 21, 2011.

Kerner reportedly was physically attacked and beaten in her home on or about March 21, 2011.  She apparently lost consciousness and was discovered in her home two or three days later.  She was hospitalized with a subarachnoid hemorrhage and many bruises and abrasions.  Defendants filed a motion to reopen discovery in July 2011, seeking discovery relating to Widom's purported involvement in the attack and his recent work representing Kroger Company, which they argued was relevant to his claim for damages.  The trial court (Hon. Susan Bryant-Deason) denied the motion in September 2011.

3.  *Prior Writ Petitions and Opinion*

Defendants filed a series of four writ petitions from June to October 2011 challenging pretrial orders on three discovery motions and a motion in limine.  The orders (1) compelled the production of documents despite the assertion of Kerner's attorney-client privilege, (2) permitted discovery of Defendants' financial condition, (3) compelled Kerner to answer deposition questions despite her privilege assertion, and (4) excluded any evidence or argument that Widom committed domestic violence against Kerner on March 1, 2009.  We consolidated the four proceedings, stayed all trial court proceedings in September 2011 pending our decision, and ordered the substitution of Kerner as the sole petitioner in the first and third petitions in the place of Defendants.

We concluded, in a published opinion filed in April 2012, and modified in May 2012, that (1) the trial court must conduct further proceedings to determine whether Kerner waived her attorney-client privilege as to the production of documents; (2) the granting of the motion to compel Kerner to answer deposition questions was error;

4

(3) the granting of the motion for net worth discovery was error; and (4) the granting of the motion in limine was error. (*Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 116, 119, 122, 129.) We therefore ordered the issuance of a writ of mandate directing the trial court to (1) vacate the orders compelling the production of documents and make explicit findings to determine whether Kerner waived her attorney-client privilege; (2) vacate the orders granting the motion to compel the production of documents and motion for net worth discovery, and reconsider those two motions; and (3) vacate the order granting the motion in limine and enter a new order denying the motion in limine. (*Id.* at pp. 116, 129.)

4.      *Further Pretrial Proceedings*

Defendants challenged the trial judge under section 170.6, subdivision (a)(2) in August 2012. The trial court granted the motion, and the case was assigned to another judge (Hon. Gregory Alarcon). We summarily denied Widom's writ petition challenging the order granting the motion.

Defendants served subpoenas for documents on Widom's most recent employer in November 2012. Widom challenged the subpoenas arguing that they were invalid because they were served after the discovery cutoff. Defendants argued that discovery was automatically reopened as a result of our decision. The trial court stated at a hearing on another motion in February 2013 that it was inclined to rule that discovery was not automatically reopened, but that it would consider a discretionary reopening of discovery on particular issues.

Defendants filed a motion to reopen discovery on particular issues in February 2013. They argued that discovery was automatically reopened because this court had remanded the matter for a new trial. They also argued, pursuant to section 2024.050, that there was good cause to permit discovery concerning events that had occurred since the March 2011 discovery cutoff, including (1) the appointment of Widom's firm to Kroger Company's panel of workers compensation counsel; (2) the purported merger of his firm with another firm and Widom's income from that firm; and (3) the termination of Widom's employment with another law firm purportedly because of abusive behavior toward other employees. Defendants argued that those events were relevant to Widom's claims. Widom opposed the motion. While the motion was pending, the case was assigned to another trial judge (Hon. Malcolm Mackey). Widom challenged the judge under section 170.6, subdivision (a)(2) in March 2013, and the case was assigned to another judge (Hon. Maureen Duffy-Lewis). The court set a trial date of May 5, 2014.

The trial court denied the motion to reopen discovery on July 11, 2013. The court stated that without authority on point it was not persuaded that discovery was automatically reopened in these circumstances. The court did not comment on the discretionary grounds asserted for the motion.

5.     *Present Writ Petition*

Defendants petitioned this court for a writ of mandate in August 2013. We issued an order to show cause and stayed the trial pending our decision.

6

## *CONTENTIONS*

Defendants contend (1) the effect of our prior opinion was an order for a new trial resulting in the automatic reopening of discovery with a new discovery cutoff date; and (2) alternatively, the trial court abused its discretion in denying their motion to reopen discovery on limited issues.

## *DISCUSSION*

### 1. *Discovery Was Not Reopened Automatically*

Section 2024.020, subdivision (a) states that any party is entitled "to complete discovery proceedings on or before the 30th day, and to have motions concerning discovery heard on or before the 15th day, before the date initially set for the trial of the action," with exceptions that are inapplicable here. Subdivision (b) states that "a continuance or postponement of the trial date does not operate to reopen discovery proceedings," except as provided in section 2024.050. Section 2024.050 states that the court on motion of any party may grant leave to complete discovery proceedings, or to have a motion concerning discovery heard, on a later date. (*Id.*, subd. (a).)

The California Supreme Court in *Fairmont Ins. Co. v. Superior Court* (2000) 22 Cal.4th 245 (*Fairmont*) construed the language "before the date initially set for trial of the action" in former section 2024, subdivision (a) (now § 2024.020, subd. (a)). *Fairmont* held that in the event of a mistrial, order granting a new trial, or remand for a new trial after reversal of a judgment on appeal, the quoted language refers to the first date set for trial in the action following a mistrial, order granting a new trial, or remand for a new trial after reversal on appeal. (*Fairmont*, *supra*, at p. 250.) In those

7

circumstances, the discovery clock is reset and the last day for completing discovery is measured from the new date initially set for trial. (*Id.* at pp. 250-251.) *Fairmont* concluded that *Beverly Hospital v. Superior Court* (1993) 19 Cal.App.4th 1289 (*Beverly Hospital*) was correct in so holding.[2] (*Fairmont*, *supra*, at p. 247.) *Fairmont* rejected the argument that the discovery cutoff date should be measured from the date initially set for the original trial in those circumstances. (*Id.* at p. 250.)

*Fairmont*, *supra*, 22 Cal.4th 245, contrasted the situation where a case is set for trial after a mistrial, an order granting a new trial, or the reversal of a judgment on appeal from the situation where there has been no trial or dispositive judgment in the action:

"In the context of an action that has not yet proceeded to trial or otherwise resulted in a dispositive judgment, the phrase 'date initially set for the trial of the action' ([former] Code of Civ. Proc., § 2024, subd. (a)) is unambiguous. In such instance, it plainly refers to the *first* date set for trial of the action. Thus, the statute expressly states that continuance or postponement of that date will not operate to reopen discovery. (*Ibid.*) [¶] In the context of an action that has been set for a *new trial* after a mistrial, an order granting a new trial, or remand for a new trial after appellate reversal of a judgment, the meaning of the phrase 'before the date initially set for trial of the action' is less clear." (*Fairmont*, *supra*, 22 Cal.4th at p. 250.)

---

[2] *Beverly Hospital*, *supra*, 19 Cal.App.4th at page 1291, stated, "we hold a mistrial, new trial or reversal of the judgment on appeal automatically restarts the time limitations on discovery."

8

*Fairmont* explained that the statute was intended to address the problem of "intentional manipulation of the trial date by way of continuances and postponements in order to extend the time for discovery." (*Fairmont*, *supra*, 22 Cal.4th at p. 252.) "The same problem does not arise, however, in the relatively unusual situation when a new trial is ordered—i.e., following an order granting a new trial, a mistrial, or remand for a new trial after reversal of a judgment on appeal—for the simple reason that parties are unlikely to manipulate the discovery procedure by creating grounds for a new trial, mistrial, or appellate reversal merely in order to extend the time for discovery. Moreover, unlike a continuance or postponement that only delays the onset of a trial, a new trial begins trial proceedings anew, ' "as though no trial had ever been had . . . . " ' [Citation.] Accordingly, there is thus no compelling basis, consistent with the legislative intent, not to allow the parties to engage in additional discovery within the statutory time limits as measured by the date set for retrial." (*Id.* at p. 252.)

*Fairmont* stated that resetting the discovery cutoff date to allow additional discovery in the event of a new trial was consistent with another statute, section 583.320. Section 583.320, subdivision (a) provides that if a new trial is granted after a mistrial, an order granting a new trial, or the reversal of a judgment on appeal, the action must be brought to trial within three years after that event. Such a lengthy period of time appears to contemplate additional discovery in the event of a new trial. (*Fairmont*, *supra*, 22 Cal.4th at p. 252.) *Fairmont* also stated that allowing additional discovery as of right in those circumstances would expedite efficient trial preparation at a time when it is likely that further discovery is needed to clarify facts and address

9

issues the importance of which has become more apparent following the mistrial, order granting a new trial, or reversal of a judgment on appeal.[3]  (*Id.* at pp. 252-253.)

The rule from *Fairmont*, *supra*, 22 Cal.4th 245, and *Beverly Hospital*, *supra*, 19 Cal.App.4th 1289, applies in the event of a mistrial, order granting a new trial, or remand for a new trial after reversal of a judgment on appeal.  Here, in contrast, there has been no mistrial, order granting a new trial, or remand for a new trial after reversal of a judgment on appeal.  There has been no trial and no dispositive judgment.  We conclude that our decision in the interlocutory writ proceedings involving discovery disputes and a motion in limine did not result in an order granting a new trial for purposes of section 2024.020 and the rule from *Fairmont* and *Beverly Hospital*.

Our conclusion is the same regardless of whether the trial court properly determined that the proceedings following our prior opinion will involve a "new trial" for purposes of section 170.6, subdivision (a)(2).  That provision allows a party to challenge a judge for cause after a reversal on appeal "if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter" (*ibid.*).  Defendants argue that a "new trial" within the meaning of section 170.6, subdivision (a)(2) occurs after an appellate decision whenever the trial court "is required to conduct [a] retrial or a first trial on a factual or legal issue."  They argue that such a new trial results in the automatic reopening of discovery under the rule from *Fairmont*, *supra*, 22 Cal.4th 245, and *Beverly Hospital*, *supra*, 19 Cal.App.4th 1289.  We reject the latter argument.

---

[3]  *Beverly Hospital*, *supra*, 19 Cal.App.4th at pages 1295-1296, reached the same conclusion for some of the same reasons.

10

Neither the language of section 2024.020 nor its purposes as discussed in *Fairmont* and *Beverly Hospital* suggest that the rule resetting the discovery clock in the event of a mistrial, order granting a new trial, or remand for a new trial after reversal of a judgment on appeal should extend to this case where there has been no trial and no dispositive judgment.

To the contrary, we conclude that the statutory language "date initially set for the trial of the action" (§ 2024.020, subd. (a)) is unambiguous in these circumstances where there has been no trial or dispositive judgment in the action. This language "plainly refers to the *first* date set for trial of the action. Thus, the statute expressly states that continuance or postponement of that date will not operate to reopen discovery." (*Fairmont*, *supra*, 22 Cal.4th at p. 250.) Accordingly, we conclude that the trial postponement necessitated by the stay of trial court proceedings imposed by this court did not automatically reopen discovery.

    2.    *Defendants Are Entitled to a Discretionary Reopening of Discovery on Limited Issues*

Section 2024.050, subdivision (b) states that "[i]n exercising its discretion to grant or deny [a motion to reopen discovery], the court shall take into consideration any matter relevant to the leave requested," including (1) the necessity and reasons for the discovery; (2) the diligence or lack of diligence of the party seeking relief; (3) the likelihood that permitting the discovery will delay the trial, otherwise interfere with the trial calendar, or prejudice any party; and (4) the length of time that has elapsed between any date previously set for trial and the date presently set for trial. The statute expressly

11

states that the court exercises discretion in ruling on the motion. Accordingly, we review the ruling for abuse of discretion.

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law. We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)

Defendants contend the statutory factors weigh heavily in favor of reopening discovery. They argue that because Widom seeks lost income for a period of 10 years after the termination of his employment, his income after the discovery cutoff date in March 2011 is highly relevant to both liability and damages. They argue that the events surrounding the termination of his employment with another firm may be probative of his misconduct alleged in this action and therefore are highly relevant to both his and Defendants' liability. They also argue that as of the date of the trial court's ruling and the date of their petition there was sufficient time to complete the requested discovery prior to the May 5, 2014, trial date.

We agree that the specified discovery is highly relevant to issues of liability and damages. Defendants could not have completed such discovery before the discovery cutoff date because the events postdated the discovery cutoff. Defendants were diligent in pursuing the discovery after the events occurred and promptly sought relief in the

trial court when the discovery was challenged. With more than three months remaining before the scheduled trial date, we believe that the likelihood of completing the limited discovery without delaying the trial is high. Finally, the substantial period of time that has elapsed since the previously scheduled trial date of April 20, 2011, on which the discovery cutoff date was based, makes the limited reopening of discovery on events occurring after that date just and appropriate.

Our consideration of the factors set forth in section 2025.050, subdivision (b) in the circumstances of this case compels the conclusion that the interests of justice require a reopening of discovery limited to the three issues specified by Defendants and that the denial of such a reopening was an abuse of discretion. The trial court must reopen discovery on those three limited issues, and may reopen discovery on any other issue as the court in its discretion deems appropriate, and must set a new discovery cutoff date.

*DISPOSITION*

The petition is granted. Let a peremptory writ of mandate issue directing the trial court to reopen discovery on limited issues as discussed in this opinion and set a new discovery cutoff date. Our prior stay of trial is vacated as of the date of our remittitur. Defendants are entitled to recover their costs in this appellate proceeding.

*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

KITCHING, J.

14