Filed 2/13/14  Taylor v. Ivie CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THRIS VAN TAYLOR, | B239275 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC408629) |
| v. | |
| RICKEY IVIE et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Mel Red Recana and Daniel J. Buckley, Judges.  Affirmed.

Thris Van Taylor, in pro. per.; Law Offices of Raven C. Viltz and Raven C. Viltz for Plaintiff and Appellant.

Richardson, Fair & Cohen and Manuel Dominguez for Defendant and Respondent Rickey Ivie.

LeClairRyan, Gary P. Simonian, Robert G. Harrison and Charles H. Horn for Defendant and Respondent Guy Stivers.

Ivie, McNeill & Wyatt and Wendy Y. Wu for Defendant and Respondent W. Keith Wyatt.

A backyard fence has spawned a series of lawsuits between next door neighbors Thris Van Taylor and Rickey Ivie (Ivie). This case arises from a court-ordered inspection of the fence in a prior action. Van Taylor alleges that Ivie and Ivie's law partner, W. Keith Wyatt, assaulted him during the inspection and that Ivie's arborist, Guy Stivers, invaded his privacy by photographing the inside of Van Taylor's garage and his enclosed backyard.

The trial court ordered a directed verdict against Van Taylor's counts for invasion of privacy and intentional and negligent infliction of emotional distress, and the jury returned a defense verdict on his assault count. Van Taylor challenges the denial of his motion to consolidate this action with other actions, the directed verdict in favor of Stivers and partial directed verdict in favor of Ivie and Wyatt, the denial of his motion for a directed verdict on his assault count, the sufficiency of the evidence to support the verdict, and the special verdict form.

We conclude that Van Taylor has shown no error and therefore will affirm the defense judgments.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Factual Background*

Van Taylor owns and resides on the property immediately south of the property where Rickey and Eloise Ivie reside in the Ladera Heights community of unincorporated Los Angeles County. Wyatt is Ivie's law partner and was counsel for the Ivies at the March 2007 site inspection. Stivers is an arborist and was present at the inspection on behalf of the Ivies.

2

A cement block fence runs parallel to the line dividing the Van Taylor and Ivie properties. The upright stem of the fence stands completely within Van Taylor's property approximately 3 to 4 inches south of the property line. The Ivies and their predecessors for many years assumed that they owned the land immediately north of the fence and used and maintained that land as part of their backyard.

A dispute first arose in March 2001 when Van Taylor made a written demand that the Ivies vacate the thin strip of land north of the fence. The Ivies hired a surveyor at that time and learned that the property line was north of the fence.

2.      *Action Commenced by Van Taylor and First Trial*

Van Taylor filed a complaint against the Ivies in February 2002 (Super. Ct. L.A. County, No. BC268576) alleging that a pear tree and shrubs on the Ivies' property encroached on Van Taylor's property, causing damage and interfering with the use and enjoyment of his property. He also alleged that the fence lies completely within his property, and that the Ivies have attached various items to the fence and have refused to remove those items. Van Taylor alleged counts for (1) intentional infliction of emotional distress; (2) trespass; (3) negligent trespass; (4) nuisance; (5) quiet title; and (6) an injunction.

The Ivies filed a cross-complaint against Van Taylor in April 2002 alleging that they and their predecessors have used and maintained the thin strip of Van Taylor's land north of the fence openly, continuously, exclusively and adversely for many years. They alleged counts for (1) an equitable easement and (2) a prescriptive easement.

3

The trial court (Hon. Malcolm Mackey) bifurcated the trial and heard the equitable issues first, without a jury. The court entered a judgment in March 2003 declaring the fence a party wall and granting the Ivies an easement to use and maintain the north side of the fence and the thin strip of Van Taylor's land north of the fence. The judgment also declared the pear tree to be owned in common by Van Taylor and the Ivies as coterminous owners. The court found in favor of the Ivies on Van Taylor's counts for nuisance, quiet title and an injunction, and found in favor of the Ivies on their count for an equitable easement. The court concluded that the other counts were moot. Van Taylor appealed the judgment.

3. *Action Commenced by the Ivies*

The Ivies filed a complaint against Van Taylor in June 2004 (Super. Ct. L.A. County, No. BC317765) and filed a first amended complaint in October 2004 and a second amended complaint in August 2006. They alleged in their second amended complaint that Van Taylor poisoned the pear tree and other plants north of the fence in or about November 2003. They also alleged that he harassed them by complaining to local government agencies about a barking dog and electrical equipment on the Ivies' property and by threatening to file another lawsuit. The Ivies alleged counts for (1) trespass; (2) negligent destruction of personal property; (3) intentional destruction of personal property; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; (6) assault; and (7) invasion of privacy.

Van Taylor filed a cross-complaint against the Ivies in October 2004 and filed a first amended cross-complaint in January 2006. Van Taylor alleged that the Ivies

4

attached a wooden lattice to the fence in March 2003 and that the pear tree, shrubs and other items encroached on his property, causing damage and interfering with the use and enjoyment of his property. Van Taylor also alleged that the Ivies had caused their agents to enter his enclosed yard on several occasions in 2005 and that Rickey Ivie verbally threatened him from the public sidewalk in August 2005. Van Taylor alleged counts for (1) intentional infliction of emotional distress; (2) assault; (3) trespass; (4) negligent trespass; (5) nuisance; and (6) an injunction.

4. *Reversal in Part and Affirmance in Part of the March 2003 Judgment*

On appeal from the March 2003 judgment declaring the fence a party wall and granting an easement in favor of the Ivies, we concluded as a matter of law based on undisputed facts that the fence was not a party wall. We concluded that the trial court's declaration of an easement in favor of the Ivies, its decision in favor of the Ivies on Van Taylor's counts for nuisance, quiet title, and an injunction, and its determination that the other counts were moot all were based on the erroneous finding that the fence was a party wall. We therefore reversed the judgment in its entirety with the sole exception of the denial of relief on Van Taylor's count for intentional infliction of emotional distress, which we affirmed. (*Van Taylor v. Ivie* (May 23, 2005, B167277) [nonpub. opn.] pp. 13-14, 17, 19.) We directed the trial court to conduct further proceedings consistent with our opinion. (*Id.* at p. 19.)

5. *Rickey Ivie's Application for an Injunction to Stop Harassment*

Rickey Ivie filed an application for an injunction against Van Taylor to stop harassment on September 7, 2005 (Super. Ct. L.A. County, No. BS098998). He alleged

5

that Van Taylor had harassed him and his family members by shouting profanities, verbally threatening him and peering over the fence to photograph guests in the Ivies' living room. The court granted the application and issued a restraining order to stop harassment on October 25, 2005. The court also consolidated case No. BS098998 with case No. BC317765.

6. *Consolidation of Cases*

The Ivies moved to consolidate case No. BC268576 with the two previously consolidated cases (Nos. BC317765 & BS098998). The trial court granted the motion and ordered the three cases consolidated on January 12, 2006.[1]

7. *March 2007 Site Inspection and Subsequent Order*

The trial court granted Van Taylor's ex parte application to compel an inspection of the Ivies' property on February 1, 2007, and ordered the inspection to take place on March 1, 2007. Van Taylor and his counsel, Ivie and his counsel, and the parties' expert witnesses were present at the inspection. During the inspection, Stivers photographed the inside of Van Taylor's garage through the open garage door and also photographed both Van Taylor's and Ivie's property. Stivers used a small automatic camera with a zoom lense. He stood on a footstool on the north side of the fence and, over the fence, photographed Van Taylor in his backyard on one knee with a camera in his hand together with his arborist. Other photographs apparently show plumbers on Van Taylor's property during the inspection.

---

[1] We judicially notice the minute order filed on January 12, 2006, granting the motion to consolidate the three cases. (Evid. Code, § 452, subd. (d).)

Van Taylor was kneeling close to the north side of the fence attempting to remove a leaf that was resting on the roots of the pear tree when, according to Van Taylor, Wyatt stated to him in a very hostile tone of voice, "If you touch that block wall fence, you are going to get hurt." According to Van Taylor, Ivie then repeated essentially the same statement to him, also in a hostile tone of voice, and the two men rapidly approached him. Van Taylor stood to his feet and responded, "Fuck you. . . . This is my fence. I will touch it any time I get ready," or words to that effect. According to Van Taylor, the two men approached to within three feet of him and were standing over him as he stood up. Van Taylor and his attorney, John Morning, then stated that Wyatt and Ivie should direct their comments to Morning. Morning stood between Van Taylor and the two men, who stepped away after a short time.

According to Wyatt, Van Taylor was digging with what appeared to be a pen when Wyatt stated to Van Taylor that he was not supposed to be digging and that he should leave any digging to the experts. Wyatt maintains that no one said that Van Taylor was going to get hurt, but someone stated that Van Taylor should be careful because if he got hurt there would be another lawsuit.

Van Taylor moved to compel compliance with the inspection order and for monetary sanctions. He argued that Ivie and Wyatt had prevented him from completing his inspection and threatened him with physical harm. Both sides filed declarations regarding the events of March 1, 2007. The trial court granted the motion in an order filed on August 8, 2007, stating in the order, in relevant part, "The Court finds that Van Taylor and his experts were intimidated and impeded by the presence of Ivie and

7

his counsel." The court ordered the Ivies to allow Van Taylor to complete his inspection and awarded Van Taylor $1,700 in sanctions.

       8.     *Trial and Judgment in the Consolidated Cases and Appeal*

A jury trial in the consolidated cases commenced in October 2007. Van Taylor moved for leave to amend his complaint to add a count for assault arising from the incident during the property inspection on March 1, 2007. The trial court tentatively agreed to allow the amendment and continue the trial for a few days. Rickey Ivie stated, "Your honor, also, this was a bilateral, mutual situation. I would then move to be allowed to file a cross-complaint for assault . . . arising out of this incident and to seek counsel to represent me on that claim." The court ultimately decided to proceed with the trial without any assault count.

On cross-examination of Van Taylor, the Ivies' counsel displayed a photograph of the inside of Van Taylor's garage that was taken during the property inspection on March 1, 2007. The jury returned a special verdict finding in favor of the Ivies on Van Taylor's counts for trespass and nuisance. On January 22, 2008, the court ordered the entry of judgment in favor of the Ivies on those counts and judgment in favor of Van Taylor on his count for quiet title and the Ivies' counts for equitable and prescriptive easements, based on the prior summary adjudication of the easement counts. The court bifurcated Van Taylor's count for a permanent injunction and entered a judgment on June 17, 2010, awarding Van Taylor a permanent injunction against the Ivies.

8

On appeal, we concluded that the summary adjudication of the easement counts in favor of Van Taylor was error, that Van Taylor had not established a right to quiet title, that the dismissal of his counts for assault and intentional infliction of emotional distress based on collateral estoppel was error, that the jury instructions and special verdict questions on trespass and nuisance were prejudicially erroneous, and that Van Taylor had failed to establish any basis for a permanent injunction. We therefore reversed the judgment with directions and remanded the matter for a retrial. (*Van Taylor v. Ivie* (Nov. 19, 2012, Nos. B206761, B225934) [nonpub. opn.] pp. 21-35.)

9. *Van Taylor's Complaint in the Present Action*

Van Taylor commenced the present action by filing a complaint in February 2009. He filed a first amended complaint in November 2009 against Ivie, Wyatt, and Stivers. Van Taylor alleges that during the property inspection on March 1, 2007, Ivie and Wyatt threatened to physically harm him if he touched the fence. He also alleges that the photographing of his garage and his enclosed backyard constituted an invasion of privacy. Van Taylor alleges counts for (1) assault, against Ivie and Wyatt; (2) intentional infliction of emotional distress, against all defendants; (3) negligent infliction of emotional distress, against all defendants; and (4) invasion of privacy, against Ivie and Stivers.

The trial judge originally assigned to this case, Judge Mel Red Recana, was the same judge who had presided in the trial in the consolidated actions. Judge Recana recused himself in this case, stating in a minute order filed on May 8, 2009:

9

"Given that the allegations in the BC408629 Complaint are so intertwined with the facts in BC268576 involving the same parties, these two cases should be related under C.R.C. 3.300[.]  However, in the BC268576 jury trial, this Court considered the credibility of the witnesses and the evidence that will be proffered in BC408629.  This Court can no longer be fair and impartial, therefore this Court recuses itself from hearing BC408629."

11.     *Van Taylor's Consolidation Motion*

Van Taylor moved to consolidate the present action with the three previously consolidated cases (Nos. BC268576, BC317765 & BS098998).  He argued that this action and the other consolidated cases should all be assigned to Judge Recana, despite the judge's recusal from this action.  The trial court denied the motion in October 2009.[2]

12.     *Trial and Judgments in the Present Action*

A jury trial in the present action commenced in November 2011.  Stivers moved for a directed verdict on the three counts alleged against him after both sides had rested.  He argued that his conduct of photographing Van Taylor's property while standing outside the property was protected by the litigation privilege.  The trial court concluded that the photographs were taken in furtherance of the prior litigation in the consolidated cases and were admitted in evidence in that litigation.  It stated that the conduct of photographing Van Taylor's property was not illegal, that the images showed no more

---

[2]     The register of actions shows that the trial court denied the consolidation motion.  No minute order or reporter's transcript of the hearing appears in the appellate record.

10

than would be visible to a person standing outside the property, and that the litigation privilege applied.

The trial court also concluded that the photographing of Van Taylor's property did not constitute an invasion of privacy as a matter of law and that there was no evidence that the defendants' conduct apart from the alleged assault caused serious or severe emotional distress as necessary to support the counts for intentional and negligent infliction of emotional distress. The court therefore ordered a directed verdict in favor of all three defendants on the counts for invasion of privacy and intentional and negligent infliction of emotional distress.

Van Taylor moved for a directed verdict on his assault count. He argued that the ruling by the trial court in the consolidated cases on August 8, 2007, that Van Taylor and his experts were intimidated and impeded by Ivie and his counsel was collateral estoppel and conclusively established an assault. The court disagreed and denied the motion.

During examination by Van Taylor, Ivie testified that he approached to within 10 feet of Van Taylor at the site inspection but did not speak to him from that distance, and that he did not assault Van Taylor and Van Taylor did not assault him. The trial court read to the jury Ivie's statement during the trial in the consolidated cases, "Your honor, also, this was a bilateral, mutual situation." Ivie testified that he told the truth when he made that statement. Van Taylor then asked, "Do you know how a bilateral assault could occur if you never spoke to me or you never approached me?"

Ivie's counsel objected, and the trial court stated, "Let's be very clear, Mr. Van Taylor. The word 'assault' was not in that statement. I let you bring that evidence in." The court also stated, "I'm not in any way suggesting to anyone that that refers to an assault at all."

Van Taylor then asked, "The bilateral situation that you had with Mr. Van Taylor, were you not trying to get the court to allow you time to file an amended complaint and to obtain counsel—an attorney to defend you in my assault; is that correct?" The trial court sustained an objection to the question based on Evidence Code section 352.

The jury returned a special verdict answering "No" to the following questions, designated as questions Nos. 1 and 2, respectively, as to both Ivie and Wyatt:

"Did any of the following persons act, intending to cause a harmful contact with Thris Van Taylor or intending to place Thris Van Taylor in fear of a harmful contact?"

"Did either of the following persons threaten to touch Thris Van Taylor in a harmful manner?"

The trial court entered a judgment on November 14, 2011, on the directed verdict in favor of Stivers and entered a separate judgment on that same date on the directed verdict and special verdict in favor of Ivie and Wyatt. The judgments award Van Taylor no relief on his complaint.

Van Taylor timely appealed the judgments.

## CONTENTIONS

Van Taylor contends (1) the denial of his motion to consolidate was prejudicial error; (2) the trial court erred by ordering a directed verdict on his counts for invasion of privacy and intentional and negligent infliction of emotional distress; (3) the court erred by denying his motion for a directed verdict on the assault count; (4) the evidence does not support the defense verdict on the assault count; and (5) a question on the special verdict form erroneously required an intent in order to cause harmful contact to establish an assault.

## DISCUSSION

1. *The Trial Court Properly Denied the Consolidation Motion*

Code of Civil Procedure section 1048, subdivision (a) states: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

We review the trial court's decision whether to consolidate actions for abuse of discretion. (*Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 978-979; *Estate of Baker* (1982) 131 Cal.App.3d 471, 485.) "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the

13

governing rules of law. We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)

This action arises from the March 1, 2007, property inspection and the alleged assault against Van Taylor and invasion of his privacy on that date. The previously consolidated cases involved a boundary dispute and events occurring prior to the property inspection, including allegations of trespass, nuisance, assault, equitable and prescriptive easement, and destruction of personal property. The consolidated cases also included counts for quiet title and a permanent injunction. The factual and legal issues concerning the alleged assault and invasion of privacy on the date of the inspection are separate and distinct from the factual and legal issues presented in the consolidated cases. Van Taylor has failed to establish the existence of such significant common issues as to compel the conclusion that consolidation was appropriate. Accordingly, we conclude that he has shown no abuse of discretion in the denial of his consolidation motion.

2. *The Trial Court Properly Ordered a Directed Verdict on the Counts for Invasion of Privacy and Emotional Distress*

A party is entitled to a directed verdict (Code Civ. Proc., § 630) if there is no substantial evidence to support a verdict in favor of the opposing party. (*Newing v. Cheatham* (1975) 15 Cal.3d 351, 358-359; *Baker v. American Horticulture Supply, Inc.* (2010) 186 Cal.App.4th 1059, 1072.) The trial court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the opposing

14

party and must disregard conflicting evidence.  (*Newing*, *supra*, at pp. 358-359; *Quinn v. City of Los Angeles* (2000) 84 Cal.App.4th 472, 479.)  We review the trial court's ruling de novo applying the same standard.  (*Baker*, *supra*, at p. 1072.)

The right of privacy under the California Constitution (art. I, § 1) "protects the individual's *reasonable* expectation of privacy against a *serious* invasion.  (*Hill* [*v. National Collegiate Athletic Assn.* (1994)] 7 Cal.4th [1,] 36–37.)  *Hill* observed that whether a legally recognized privacy interest exists is a question of law, and whether the circumstances give rise to a reasonable expectation of privacy and a serious invasion thereof are mixed questions of law and fact.  (*Hill, supra,* 7 Cal.4th at p. 40.)  'If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law.'  (*Ibid.*)"  (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370.)

The court-ordered inspection of the Ivies' property was attended by the parties, their counsel, and expert witnesses.  The undisputed evidence is that Van Taylor's open garage was plainly visible to those present and to anyone who happened to be passing by on the public street.  Stiver's use of a small telephoto lens was not particularly intrusive.  We conclude as a matter of law that Van Taylor had no reasonable expectation of privacy with respect to the contents of his garage depicted in the photographs, and that the photographs did not constitute a serious invasion of any privacy interest.  Similarly, we conclude as a matter of law that Van Taylor had no reasonable expectation of privacy with respect to his conduct and the conduct of guests

15

on his property just over the fence from the site of the inspection, and that the photographs of Van Taylor and his guests did not constitute a serious invasion of any privacy interest.

We therefore conclude that the trial court properly ordered a directed verdict in favor of the defendants on Van Taylor's count for invasion of privacy and his counts for negligent and intentional infliction of emotional distress, to the extent those counts were based on an invasion of privacy. Van Taylor has shown no error in this regard. In light of our conclusion, we need not decide whether the litigation privilege applies.

3.    *The Trial Court Properly Denied a Directed Verdict on the Assault Count*

Van Taylor contends the ruling in the consolidated cases on August 8, 2007, that Ivie and Wyatt intimidated him and impeded his property inspection is collateral estoppel and conclusively establishes an assault. Whether collateral estoppel applies in these circumstances is a question of law that we review de novo. (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 618.)

Collateral estoppel, or issue preclusion, precludes the relitigation of issues argued and decided in prior proceedings. (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511 (*Hernandez*).) " 'Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion

16

is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.]' [Citation.]" (*Ibid.*)

" 'The "identical issue" requirement addresses whether "identical factual allegations" are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same. [Citation.]' [Citation.]" (*Hernandez*, *supra*, 46 Cal.4th at pp. 511-512.) An issue was "actually litigated" for purposes of collateral estoppel only if it was properly raised, submitted for determination, and decided in the prior proceeding. (*Id.* at p. 511.)

A civil assault is an act that is intended to cause harmful or offensive contact to a person, or intended to cause an apprehension of such immediate contact, and that actually causes an apprehension of such immediate contact. (*Lowry v. Standard Oil Co.* (1944) 63 Cal.App.2d 1, 6-7; see 1 Dobbs et al., Law of Torts (2d ed. 2011) § 38, p. 97; 1 Harper et al., Torts (3d ed. rev. 2006) §§ 3.4, 3.5, pp. 320-326; Rest.2d Torts, § 21.) This common law definition of the tort of assault differs somewhat from the definition of a criminal assault.[3] Van Taylor has not shown that these issues were actually litigated and necessarily decided in ruling on the motion to compel compliance with the

---

[3] Penal Code section 240 defines a criminal assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Thus, a civil assault emphasizes and requires the plaintiff's awareness of the threat, while a criminal assault emphasizes and requires an intent to injure. (See 1 Dobbs et al., Law of Torts, *supra*, § 40, p. 101 ["Assault may be a crime as well as a tort, but criminal law definitions of assault sometimes emphasize the intent to injure . . . so criminal assault cases are not necessarily sound authority in the tort setting"].) We decline to follow *Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1604, to the extent that it held based on Penal Code section 240 that a civil assault requires an intent to injure and that an intent to cause an apprehension of immediate injury is insufficient.

17

inspection order. That motion was brought under Code of Civil Procedure section 2031.320, which provides for an order compelling compliance with an inspection demand in the event that the responding party fails to allow an inspection in accordance with that party's statement of compliance. (*Id.*, subd. (a).) The court ruling on the motion necessarily decided that the Ivies failed to allow an inspection, but did not necessarily decide whether Ivie and Wyatt intended to cause harmful or offensive contact or an apprehension of such immediate contact. Van Taylor has not shown that those issues were actually litigated or necessarily decided in ruling on the motion. Collateral estoppel therefore is inapplicable, and the trial court properly denied Van Taylor's motion for a directed verdict.

Van Taylor also argues that he was entitled to a directed verdict because Ivie admitted an assault when he stated during the trial in the consolidated cases that "this was a mutual, bilateral situation." In our view, that statement suggested that the inspection was marked by mutual hostility, but the statement was not a binding admission or conclusive evidence of an assault. We also reject Van Taylor's perfunctory arguments that the trial court erred by stating, "I'm not in any way suggesting to anyone that that refers to an assault at all," and by sustaining an objection to his question whether Ivie made the statement in connection with an assault claim.

4.      *The Evidence Supports the Verdict on the Assault Count*

Van Taylor contends the evidence does not support the verdict in favor of Ivie and Wyatt on the assault count. We review findings by the trier of fact under the substantial evidence standard. Substantial evidence is evidence that a rational trier of

18

fact could find to be reasonable, credible and of solid value. We view the evidence in the light most favorable to the judgment and accept as true all evidence tending to support the judgment, including all facts that reasonably can be deduced from the evidence. We must affirm the judgment if an examination of the entire record viewed in this light discloses substantial evidence to support the judgment. (*Crawford v. Southern Pacific Co.* (1935) 3 Cal.2d 427, 429; *Mealy v. B-Mobile, Inc.* (2011) 195 Cal.App.4th 1218, 1223.)

Van Taylor cites evidence purportedly showing that Ivie and Wyatt "conspired to assault, bully and inflict emotional distress on appellant." He argues that he "put on sufficient evidence of the assault . . . for a direct[ed] verdict and sufficient evidence for the jury to find an assault on appellant." But he fails to cite and discuss the evidence supporting the verdict and therefore fails to show that the evidence was insufficient to support the verdict and abandons his claim of error. (*Bell v. H.F. Cox, Inc.* (2012) 209 Cal.App.4th 62, 80; *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1304-1305.)

Moreover, our review of the record discloses substantial evidence supporting the verdict, including Wyatt's testimony that he and Ivie never verbally threatened to harm Van Taylor or approached him in a threatening manner, and similar testimony by Ivie.

5. *Van Taylor Has Shown No Error in the Special Verdict Form*

The first question on the special verdict form was, "Did any of the following persons act, intending to cause a harmful contact with Thris Van Taylor or intending to place Thris Van Taylor in fear of a harmful contact?" This was followed by blank lines

19

for the jury to indicate "Yes" or "No" with respect to Ivie and Wyatt. The jury answered "No" as to each defendant.

Van Taylor argues, "The special verdict mislead [*sic*] the jury by using the term 'intending to cause a harmful contact.' " We cannot understand this cryptic argument. An appellant must support each contention with reasoned argument and citation to legal authority. Van Taylor provides neither and therefore abandons his claim of error. (*Valov v. Department of Motor Vehicles* (2005) 132 Cal.App.4th 1113, 1132; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.) To the extent that he complains that the special verdict question misstated the law because it required an intent to cause harmful contact, we disagree. The question was disjunctive and required either an intent to cause harmful contact or an intent to create fear of harmful contact. We conclude that Van Taylor has shown no error.[4]

---

[4] Van Taylor did not object to the special verdict form in the trial court and stipulated to its use. We need not decide whether he waived any claim of error as to the form the verdict (see *Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 456-457, fn. 2; *Lynch v. Birdwell* (1955) 44 Cal.2d 839, 851) because we conclude that Van Taylor has shown no error.

## *DISPOSITION*

The judgments are affirmed.  The defendants are entitled to recover their costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

ALDRICH, J.