Filed 11/4/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ELIZABETH TASKA,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>THE REALREAL, INC.,<br><br>     Defendant and Appellant. | A164130<br><br>(City & County of San Francisco<br>Super. Ct. No. CPF20517255) |

This is an appeal from judgment in a wrongful termination and retaliation lawsuit. An arbitrator initially resolved the dispute in favor of defendant The RealReal, Inc. (TRR), and against its former employee, plaintiff Elizabeth Taska, but denied the parties' respective requests for attorney fees and costs (April 3, 2020 Award). However, the arbitrator then issued a revised award that added an award of approximately $73,000 in attorney fees and costs to TRR (June 29, 2020 Corrected Final Award). Taska petitioned the trial court only to vacate the newly rendered attorney fees and costs award. TRR, in turn, petitioned the court to confirm the June 29, 2020 Corrected Final Award in full.

The trial court sided with Taska and struck the award of attorney fees and costs, reasoning the arbitrator exceeded her authority by making substantive changes to the April 3, 2020 Award. The court otherwise confirmed the arbitrator's award and entered judgment in favor of TRR.

1

TRR contends the court's order to strike the award of attorney fees and costs was legally and factually wrong. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

TRR is an online consignment company that sells luxury fashion goods, including clothing, fine jewelry, watches, art and other home accessory items, that have been consigned to it. Taska was hired as TRR's senior vice president of human resources in 2017. Taska worked directly under TRR's chief executive officer (CEO), Julie Wainwright. Wainwright terminated Taska in August 2018.

Taska alleged her termination was based on two unlawful reasons: (1) she protested against Wainwright's discriminatory comments and (2) she reported workplace-related legal violations. Taska's claims were referred to an arbitrator under an arbitration agreement executed by the parties that required Taska to arbitrate disputes relating to the terms of her employment or termination.

A 15-day arbitration hearing began January 27, 2020. At the close of evidence, TRR unsuccessfully moved for a directed verdict and for attorney fees and costs, arguing that Taska's case was vexatious and without merit.

After the hearing ended, both parties filed posthearing briefs. In her brief, Taska stated her intent to file a petition for attorney fees and costs under Government Code section 12965, subdivision (b), "upon a liability finding." TRR also sought fees and costs in its brief, arguing Taska's lawsuit should be deemed unreasonable, frivolous, meritless or vexatious given the extent of her "fabricated evidence and false testimony . . . ." In doing so, TRR provided a legal argument to support its fees and costs request but did not ask for any specific amount or offer supporting evidence.

After considering the posthearing briefing, the arbitrator issued a 12-page decision entitled "Award" on April 3, 2020.  (All capitalization and boldface omitted.)  She determined that (1) Taska failed to meet her burden of proof as to her unlawful termination and retaliation claims and, as such, was not entitled to an award of attorney fees or costs; and (2) TRR was not entitled to attorney fees and costs under *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115 (*Williams*) because Taska's claims were not frivolous or meritless.  The arbitrator thus dismissed Taska's claims against TRR.

On April 15, 2018, TRR filed a motion for a partial attorney fees and costs award, attaching a memorandum of legal fees and costs and supporting evidence.  In doing so, TRR acknowledged its "preliminary request" for attorney fees and costs in its posthearing brief, which the arbitrator denied.  TRR then explained that the present, stand-alone motion addressed facts established by the arbitrator that were not available at the time of posthearing briefing.  Taska objected on the grounds that the arbitrator lacked authority to substantively change the April 3, 2020 Award.

On June 11, 2020, the arbitrator issued a new written decision, entitled "Final Award."  (All capitalization and boldface omitted.)  This time, the arbitrator found TRR was entitled to recover a portion of its attorney fees and costs because "the repeated and substantial failure of [Taska] to testify truthfully" rendered the conduct of the arbitration "unreasonable, meritless, frivolous and vexatious . . . ."  Accordingly, the arbitrator awarded TRR a total of $53,705.43.

The arbitrator then issued the June 29, 2020 Corrected Final Award addressing a calculation error relating to reporter's transcript costs.  Due to

this error, the arbitrator increased the award of attorney fees and costs from $53,705.43 to $73,756.43.

On October 6, 2020, Taska petitioned the court to vacate a portion of the June 29, 2020 Corrected Final Award, arguing the arbitrator exceeded her powers by modifying the April 3, 2020 Award, in which she denied TRR's request for attorney fees and costs. TRR opposed this petition and filed its own petition to confirm the June 29, 2020 Corrected Final Award, including the attorney fees and costs award. The court partially granted TRR's petition by confirming the liability determination. However, the court agreed with Taska that the arbitrator exceeded her authority by amending the April 3, 2020 Award to add a new award of fees and costs. The court then entered judgment in favor of TRR and against Taska, with each side to bear its own fees and costs.

On November 15, 2021, TRR timely appealed.

## DISCUSSION

TRR contends no basis exists for the trial court's decision to strike the award of $73,756.43 in attorney fees and costs in the June 29, 2020 Corrected Final Award. Taska responds that the arbitrator lacked authority under Code of Civil Procedure[1] section 1283.4 to issue the June 29, 2020 Corrected Final Award because her initial April 3, 2020 Award was the final arbitration award and after its issuance, she lost jurisdiction. The following rules govern.

"California has a long-established and well-settled policy favoring arbitration as a speedy and inexpensive means of settling disputes. [Citation.] This policy is reflected in the comprehensive statutory scheme set

---

[1] Unless otherwise specified, all statutory citations herein are to the Code of Civil Procedure.

4

out in the California Arbitration Act.  (§ 1280 et seq.)  The purpose of the act is to promote *contractual arbitration*, in accordance with this policy, as a more expeditious and less expensive means of resolving disputes than by litigation in court.  [Citation.]  'Typically, those who enter into arbitration agreements expect that their dispute will be resolved without necessity for any contact with the courts.'  [Citation.] [¶] Thus, it is clearly the expectation of the parties to an arbitration agreement that the arbitrator's decision will be both binding and final."  (*Hightower v. Superior Court* (2001) 86 Cal.App.4th 1415, 1431–1432 (*Hightower*).)

The provisions of the California Arbitration Act (CAA) (§ 1280 et seq.) "set forth procedures for the enforcement of agreements to arbitrate (*id.*, §§ 1281.2–1281.95), establish rules for the conduct of arbitration proceedings except as the parties otherwise agree (*id.*, §§ 1282–1284.2), describe the circumstances in which arbitrators' awards may be judicially vacated, corrected, confirmed, and enforced (*id.*, §§ 1285–1288.8), and specify where, when, and how court proceedings relating to arbitration matters shall occur (*id.*, §§ 1290–1294.2)."  (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 830.)

Relevant here, an arbitration award "shall be in writing and signed by the arbitrators concurring therein.  It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."  (§ 1283.4.)  An arbitrator, "upon written application of a party to the arbitration, may correct the award upon any of the grounds set forth in subdivisions (a) and (c) of Section 1286.6 not later than 30 days after service of a signed copy of the award on the applicant."  (§ 1284.)  Thus, "an arbitrator's 'power . . . to correct an award after it has been issued to the parties is limited to evident miscalculations of figures or

descriptions of persons, things or property (§ 1286.6, subd. (a)) and nonsubstantive matters of form that do not affect the merits of the controversy. (§ 1286.6, subd. (c).)' " (*Landis v. Pinkertons, Inc.* (2004) 122 Cal.App.4th 985, 992 (*Landis*).)[2]

Once the 30-day period for correction under section 1284 runs, the award is final and the arbitrator's jurisdiction ends. (*Lonky v. Patel* (2020) 51 Cal.App.5th 831, 843 (*Lonky*) ["issuance of an 'award' is what passes the torch of jurisdiction from the arbitrator to the trial court"].) At this point, any party "may petition the court to confirm, correct or vacate the [arbitration] award." (§ 1285.) The trial court then assumes jurisdiction to act. (§ 1286.) If, however, an arbitrator's ruling does not qualify as an "award" under section 1283.4, the court does not acquire jurisdiction to confirm or vacate it. (*Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125, 1143.)

To "enforce the finality of arbitration, the CAA minimizes judicial intervention. [Citation.] Once a petition to confirm an award is filed, the superior court has only four courses of conduct: to confirm the award, to correct and confirm it, to vacate it, or to dismiss the petition. [Citation.] The trial court is empowered to correct or vacate the award, or dismiss the petition, upon the grounds set out in the pertinent statutes; '[o]therwise courts may not interfere with arbitration awards.' [Citations.]" (*Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 11 (*Cooper*).)

---

[2] An arbitrator may also "issue an amended or supplemental award if he or she inadvertently omitted a ruling on a submitted issue in the original award." (*Landis, supra*, 122 Cal.App.4th at p. 992.) There is no contention here that the arbitrator omitted the attorney fees and costs issue in her original April 3, 2020 Award.

Relevant here, an "award" shall be vacated if the "arbitrators exceeded their powers." (§ 1286.2, subd. (a)(4).)

On appeal, we review de novo a trial court's decision on undisputed facts to confirm, correct or vacate an arbitration award.[3] (*Branches Neighborhood Corp. v. CalAtlantic Group, Inc.* (2018) 26 Cal.App.5th 743, 751; *Rivera v. Shivers* (2020) 54 Cal.App.5th 82, 89.)

Here, the trial court partially granted TRR's petition to confirm yet struck TRR's award of attorney fees and costs. The court concluded that section 1284 prohibited a substantive amendment to the April 3, 2020 Award to include a new award of attorney fees and costs, citing *Cooper, supra*, 230 Cal.App.4th at page 14.

In *Cooper*, the arbitrator issued a "final award" that denied the prevailing party's request for attorney fees and costs. The prevailing party sought reconsideration under section 1008, after which the arbitrator changed course and issued a new final award that included a fees award. (*Cooper, supra*, 230 Cal.App.4th at pp. 8–10.) On appeal, our colleagues reversed, holding the arbitrator lacked authority to modify the final award. (*Id*. at p. 10.) Our colleagues reasoned, "Nothing in the JAMS Rules or the record suggests that the final award was not final for purposes of correction under section 1284," noting that, inter alia, the final award was "in writing and was served on the parties; it resolved all the issues reserved in the interim award, including the questions related to attorney fees and costs; and it included determinations on all the issues submitted in the arbitration." (*Id*. at pp. 18–19; cf. *Elliott & Ten Eyck Partnership v. City of Long Beach*

---

[3] While we generally review a trial court's factual findings for substantial evidence (*Cooper, supra*, 230 Cal.App.4th at pp. 11–12), here the court made none.

(1997) 57 Cal.App.4th 495, 502–503 (*Elliott*) [" 'if it appears upon the face of the award that [the arbitrators] have not disposed of the whole matter but have left a part open: or if the terms of the award be such as to render a further inquiry necessary to ascertain a sum of money to be paid, or some act to be done, it is void and will be set aside' "].)

TRR attempts to distinguish *Cooper*, claiming the April 3, 2020 Award was not "final" because the issue of attorney fees and costs "did not become ripe until [the arbitrator] first determined the question of liability . . . ." (Italics omitted.) TRR points out Taska, in her posthearing brief, stated that she *intended* to file a separate fees and costs motion if she prevailed on the merits. And while TRR admittedly requested fees and costs in its own posthearing brief, TRR argues that it was unable to support its request with citations to any liability findings because the arbitrator had not yet ruled. TRR thus insists its posthearing request was merely a " 'placeholder' " in anticipation of a more formal fees and costs request after the arbitrator ruled on liability.

Below, the arbitrator ultimately agreed with TRR's " 'placeholder' " argument. TRR filed a motion for partial fees and costs after the arbitrator issued her April 3, 2020 Award, which Taska opposed on the grounds that the arbitrator no longer had jurisdiction. Granting TRR's motion, the arbitrator ruled that the April 3, 2020 Award was final only as to liability, as evidence relating to TRR's fees and costs was not yet before her. TRR argues this ruling is entitled to "substantial deference." We disagree.

Specifically, we agree with TRR that an arbitrator's determinations, including those related to whether a particular question is within the scope of his or her contractual authority, are generally entitled to substantial deference. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362,

8

372–373.) However, as stated, an arbitrator's determinations are subject to correction or vacation if a court finds the arbitrator exceeded his or her authority. (*Id*. at p. 372, citing § 1286.2.) The issue here is whether the arbitrator had authority after she issued the April 3, 2020 Award to change course and issue the June 29, 2020 Corrected Final Award that added the award of attorney fees and costs. We conclude, under sections 1284 and 1286.6, that the arbitrator did not.

"Section 1284 codifies the rule against changes in the award. Some amelioration from the stringency of the rule is provided in a referenced provision of section 1286.6, which allows correction of an award, but in very narrow terms. A court may correct and confirm an award as corrected for evident miscalculation of figures or evident mistake in a description, where the award exceeds the powers of the arbitrator (if the correction does not affect the merits of the decision on the controversy submitted), and for nonsubstantive matters of form." (*Elliott, supra*, 57 Cal.App.4th at pp. 501–502, fns. omitted.) However, " 'apart from those statutory exceptions, an arbitrator may not correct an award that he or she intended on the ground that he or she later determined a factual or legal error had been made in the award.' (Italics omitted.) The arbitrator may not reconsider the merits of the original award and make a new award under the guise of correction of the award. [Citation.]" (*Landis, supra*, 122 Cal.App.4th at p. 992.)

As TRR observes, nothing prevents an arbitrator from making a final disposition of a submitted matter in more than one award. However, it remains true under the statutory rules described *ante* that once the arbitrator "has determined all issues that are necessary to the resolution of the essential dispute," the arbitrator's ruling constitutes a final award under section 1283.4. (*Hightower, supra*, 57 Cal.App.4th at p. 1439.) In other

9

words, "whether any *particular* ruling constitutes an 'award' turns on whether that ruling satisfies the statutory definition of an 'award.' And in the context of a series of rulings, this means that a particular ruling is an 'award' only if that ruling (1) 'determine[s] all issues that are necessary to the resolution' of ' "the controversy" ' being subjected to arbitration, and (2) leaves unresolved only those 'issues' that are 'potential,' 'conditional' or that otherwise 'could not have been determined' at the time of that ruling." (*Lonky, supra*, 51 Cal.App.5th at p. 845.)

Here, the April 3, 2020 Award met all of the statutory requirements to be deemed a final award. With respect to attorney fees and costs, this award stated: "[TRR] seeks its fees and costs pursuant to *Williams v. Chino Valley Independent Fire District* (2015) 61 Cal.4th 97, 115. In order to enter such an order, the Arbitrator would need to find that Claimant's claims were unreasonable, frivolous, meritless and/or vexatious. *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412, 420–424. Such was not the case here. Although Taska did not carry her burdens of proof, her claims were not frivolous or meritless. *The request for fees and costs is denied.*" (Italics added.) Thus, as this language makes clear, the April 3, 2020 Award was in writing and was served on the parties; it resolved all the issues reserved in the interim award, including the questions related to attorney fees and costs; and it included determinations on all the issues submitted in the arbitration. (*Cooper, supra*, 230 Cal.App.4th at p. 19; §§ 1283.4, 1283.6.) Despite TRR's claim that its attorney fees and costs request in posthearing briefing was merely intended to preserve the issue for later, the arbitrator, in denying TRR's request in the April 3, 2020 Award, made a final determination on the issue, as submitted to her, that was predicated on substantive determinations of law and fact. The April 3, 2020 Award was therefore

10

subject to section 1284, which precluded any subsequent change or correction, whether her legal determinations were correct or not. (*Cooper*, at pp. 19, 21; cf. *Lonky, supra*, 51 Cal.App.5th at p. 848 ["the Second Interim Ruling is preliminary to the full resolution of the issues to be decided because it had yet to fix the amount of the attorney fees and costs to which it had already determined plaintiffs were entitled"].)

Finally, TRR argues the April 3, 2020 Award was not labeled a " 'Final Award.' " Nor was it labeled an interim award. The label was therefore ambiguous. And, moreover, even if it were not, "the arbitrator's choice of label is not dispositive." (*Lonky, supra*, 51 Cal.App.5th at p. 848.) Rather, we look to the actual substance of the award to determine whether, under section 1283.4, it meets the requirements of a final award. (*Lonky*, at p. 848.)

Accordingly, for the reasons stated, we agree with the trial court that the arbitrator had no authority to amend the April 3, 2020 Award to add an award of attorney fees and costs to TRR. The judgment therefore stands.

## DISPOSITION

The judgment is affirmed.

_____
Jackson, P. J.

WE CONCUR:


_____
Burns, J.


_____
Wiseman, J.*


A164130/*Taska v. The RealReal, Inc.*


_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12

<u>A164130/Taska v. The RealReal, Inc.</u>

Trial Court:        Superior Court of the City and County of San Francisco

Trial Judge:        Ethan P. Schulman

Counsel:        Rudy, Exelrod, Zieff & Lowe, David A. Lowe and Meghan F. Loisel, for Plaintiff and Respondent.

Faegre Drinker Biddle & Reath, Kristopher S. Davis and Matthew J. Adler for Defendant and Appellant.