[No. A032292. First Dist., Div. Three. May 27, 1987.]

GARY ROSENQUIST, Plaintiff and Appellant, v.
NICOLAS PLUTARCHOS HARALAMBIDES, Defendant and
Respondent.

COUNSEL

Dennis M. Sullivan and Jeffery D. Trowbridge for Plaintiff and Appellant.

Fredric W. Trester and Bishop, Barry, Howe & Reid for Defendant and Respondent.

OPINION

**MERRILL, J.**—This appeal is taken from a judgment confirming an arbitration award in favor of respondent Nicolas Haralambides. The primary contention urged by appellant Gary Rosenquist is that the trial court erred

in failing to rule that the arbitrator acted in excess of his powers by awarding attorney fees after the date agreed to by the parties for the making of an arbitration award. Alternatively, Rosenquist argues that his petition to vacate the arbitration award should have been granted as the arbitrator failed to determine all issues submitted to him.

## I

In 1983, the parties entered into a written agreement whereby Haralambides was to provide architectural services in connection with real property owned by Rosenquist. Article 9 of the agreement stated that disputes arising out of the agreement shall be decided by arbitration. The agreement also provided that in the event of arbitration, the losing party shall pay all costs, including attorney fees.

A controversy arose and Haralambides filed a demand for arbitration with the American Arbitration Association (Association). Hearings were held on four days before the arbitrator assigned by the Association. Pursuant to an agreement between the parties, posthearing opening briefs were to be filed with the Association by August 15, 1984, and the parties' reply briefs were to be filed by August 25, 1984. In their briefs both parties requested attorney fees as part of the award. However, neither party included information upon which a determination could be made by the arbitrator as to the amount of attorney fees.

On September 27, 1984, the Association notified the parties that the arbitrator would require additional time for the making of the award. The parties agreed to an extension of time until October 5, 1984.

On October 2, 1984, the arbitrator rendered the award which provided that Haralambides would recover the sum of $14,508.88 from Rosenquist. Further, Haralambides was awarded "attorney's fees incurred in prosecuting his claim . . . ." The arbitrator indicated that he was reserving jurisdiction for the purpose of determining the amount of attorney fees to be awarded and that Haralambides was to submit a memorandum regarding attorney fees to the Association and to Rosenquist within 10 days of the mailing of the award. Thereafter Rosenquist was afforded 10 days in which to submit a response to Haralambides's memorandum. The arbitrator's determination as to the amount of attorney fees was to have been rendered 10 days after the response memorandum was submitted.

Rosenquist objected to this procedure on a basis that the arbitrator no longer had jurisdiction to make a further award, including an award of attorney fees, after October 5, 1984, the date to which the parties had agreed.

On November 2, 1984, the arbitrator rendered a "corrected" award which restated the award of October 2, 1984, reversed the parties' names in one paragraph to properly reflect their status and set forth that Rosenquist shall pay Haralambides $3,000 for attorney fees.

Rosenquist filed a petition to vacate the arbitration award in superior court, which was denied. The court granted Haralambides's petition to correct and confirm the arbitration award.

## II

Rosenquist contends on appeal that the arbitration award rendered on November 2, 1984, was in excess of his jurisdiction as it was issued after October 5, 1984, the date agreed to by the parties. On this ground, Rosenquist claims, the trial court should have granted his petition to vacate the award.

A court shall "vacate" an arbitration award where the court determines that the "arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc.,[1] § 1286.2, subd. (d).)[2] However, a court shall "correct" an arbitration award and confirm it as corrected where the court determines that the "arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted...." (§ 1286.6, subd. (b).)

The sole grounds for the vacation of an arbitration award are those set forth in section 1286.2. (*Lindholm* v. *Gavin* (1979) 95 Cal.App.3d 443, 450 [157 Cal.Rptr. 167]; *National Union Fire Ins. Co.* v. *Superior Court* (1967) 252 Cal.App.2d 568, 571 [60 Cal.Rptr. 535].) Rosenquist urges that subdivision (d) mandates the trial court to vacate the November 2, 1984, award. We do not agree.

Arbitrators may apply broad principles of justice and equity in their decisions. (*Olivera* v. *Modiano-Schneider, Inc.* (1962) 205 Cal.App.2d 9, 14

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Section 1286.2 provides in full: "Subject to Section 1286.4, the court shall vacate the award if the court determines that: [¶] (a) The award was procured by corruption, fraud or other undue means; [¶] (b) There was corruption in any of the arbitrators; [¶] (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or [¶] (e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

[23 Cal.Rptr. 30]; see *Rodrigues* v. *Keller* (1980) 113 Cal.App.3d 838, 841 [170 Cal.Rptr. 349].) Further, courts must indulge every reasonable intendment to give effect to arbitration proceedings. (*Taranow* v. *Brokstein* (1982) 135 Cal.App.3d 662, 666-667 [185 Cal.Rptr. 532]; *United Brotherhood of Carpenters etc., Local 642* v. *DeMello* (1972) 22 Cal.App.3d 838, 840 [100 Cal.Rptr. 564].) The burden is thus upon the party attacking the award to affirmatively establish the existence of error by a proper record.

■ Rosenquist has not met his burden of establishing that the arbitrator erred by issuing the November 2, 1984, award. The substance of the dispute between the parties was Haralambides's right to recover payment for architectural services provided and Rosenquist's unauthorized use of his architectural drawings. In addition, the question of the entitlement of attorney fees had been submitted to the arbitrator by both parties by virtue of their post-hearing briefs. Yet, the record of the arbitration proceedings establishes that neither the briefs nor hearing testimony provided the arbitrator with evidence upon which he could base an award of attorney fees. Implicit in this procedure is the fact that the parties agreed that the amount of attorney fees would be determined subsequent to the arbitrator's decision on the merits of the controversy. In light of these facts, it was both necessary and proper for the arbitrator to extend the time for the purpose of fixing an amount in attorney fees to be paid by Rosenquist.

The procedure for determining the amount in fees to be paid ordinarily follows the decision as to who is the prevailing party. To do otherwise would require both sides to file all of their documentation in support of attorney fees prior to the decision of the arbitrator on the merits of the dispute. It is clear this was not the intention of the parties. The record in this case establishes that the parties contemplated the award of attorney fees would follow a determination on the merits of the dispute.

### III

■ Rosenquist's alternative position is that the trial court erred in not vacating the award on the ground that the arbitrator failed to determine the entire controversy. He argues that, as the October 2, 1984, award did not include the amount to be paid by him in attorney fees, the trial court was presented with grounds for the vacation of the award pursuant to section 1286.2, subdivision (e). There is no merit in this contention.

■ Section 1286.2, subdivision (e) provides in part that the court shall vacate an award if it is determined that "other conduct of the arbitrators contrary to the provisions of this title" substantially prejudiced a party. Included within this title is section 1283.4 which provides that the award

must "include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." The determination of which issues are actually necessary to the ultimate decision is a question of fact to be resolved by the arbitrator. (*United Food & Commercial Workers Union* v. *Clougherty Packing Co.* (1984) 154 Cal.App.3d 282, 288-289 [201 Cal.Rptr. 183].) "It has been held that where the record shows that an issue has been submitted to an arbitrator and that he totally failed to consider it, such failure may constitute 'other conduct of the arbitrators contrary to the provisions of this title' justifying vacation of the award under section 1286.2, subdivision (e). [Citations.]" (*Rodrigues* v. *Keller, supra,* 113 Cal.App.3d at p. 841.)

■ The *Rodrigues* opinion utilized four factors in its analysis of whether the trial court should have vacated the award because of an alleged failure to decide all issues submitted for decision. The Court of Appeal first set forth the presumption that all issues submitted for decision have been passed on and resolved and that the burden of proving otherwise is upon the party challenging the award. (*Rodrigues* v. *Keller, supra,* 113 Cal.App.3d at p. 842.) Second, the court considered that, in order to discharge that burden, the party attacking the award must show that the claim was expressly raised at some time before the award and that the arbitrator failed to consider it. (*Ibid.*) Third, the court stated the principle that an arbitrator's failure to make a finding on even an express claim does not invalidate the award so long as it " 'serves to settle the entire controversy.' " (*Id.,* at p. 843, quoting *Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 522-523 [212 P.2d 233].) Finally, the *Rodrigues* court relied on the principle that in reviewing an arbitration award, courts must recognize that the merits of the controversy are for the arbitrator to decide and not the courts. Inquiry into the sufficiency of the evidence before the arbitrator or the reasoning applied is not appropriate. (*Rodrigues* v. *Keller, supra,* 113 Cal.App.3d at p. 843.)

■ Application of these guidelines to the instant case leads us to conclude that vacation of the award on the basis of section 1286.2, subdivision (e), was not warranted. Considering the presumption that all submitted issues have been decided, Rosenquist has not demonstrated that the arbitrator failed to consider all issues expressly raised to him. The record herein reveals that both parties expressly requested attorney fees. Accordingly, the court set forth in the award that Haralambides was to receive attorney fees. Clearly, the issue of entitlement to attorney fees had been submitted by the parties and decided by the arbitrator. Second, as we have stated the award served to settle the entire controversy between the parties. Finally, we must accord deference to the arbitrator's finding that determination of the amount of attorney fees to be paid was not necessary to the decision on the merits of the dispute and that the parties contemplated that the award of attorney fees would be made after that date.

Furthermore, a showing of substantial prejudice is required if the arbitration award is to be vacated pursuant to section 1286.2. (*United Brotherhood of Carpenters etc., Local 642* v. *DeMello, supra,* 22 Cal.App.3d at p. 840.) Rosenquist has not met this burden as he has failed to show he was substantially prejudiced by an award which set forth the amount of attorney fees owed by him only 30 days after Haralambides's entitlement to them had been determined.

The judgment is affirmed.

Scott, Acting P. J., and Barry-Deal, J., concurred.