[No. B163016. Second Dist., Div. One. Sept. 29, 2004.]

JACK W. LANDIS, JR., Plaintiff and Respondent, v.
PINKERTONS, INC., et al., Defendants and Appellants.

**COUNSEL**

Berger Kahn and Wayne A. Hersh for Defendants and Appellants.

Mathews & Rager, Charles T. Mathews, Jeffrey A. Rager; Law Offices of Roxanne Huddleston and Roxanne Huddleston for Plaintiff and Respondent.

Opinion

SPENCER, P. J.—

## INTRODUCTION

Defendants Pinkertons, Inc., and Pinkerton Security Services, Inc., now known as Securitas Security Services USA, Inc., and James Fleshood appeal from a judgment confirming an arbitration award in favor of plaintiff Jack W. Landis, Jr. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint against defendants on December 4, 2000. He set forth causes of action for breach of contract, breach of the covenant of good faith and fair dealing, age discrimination, harassment and wrongful termination in breach of public policy. The gravamen of the complaint was that plaintiff worked for defendants for about 25 years, and his work was satisfactory. His employment contract implied that his employment would not be terminated except for good cause. Defendants terminated his employment on February 14, 2000 solely because of his age.

On defendants' motion, the case went to arbitration. On August 5, 2002, the arbitrator issued an award as follows: "[Plaintiff] was employed by Defendant for 25 years prior to his termination on February 1, 2000. His career included many promotions and awards, and in 1999 he was to receive the 'Most Improved District Office for the Southwest Region'—the award was withheld because of the planned termination for an alleged failure to 'generate satisfactory revenue/profit.'

"Plaintiff contended at trial that he had an implied contract not to be terminated except for good cause and that he in fact was terminated without good cause in breach of the covenant of good faith and fair dealing. He was humiliated and injured by Defendant.

"A key witness for the defense was [defendant] Jim Fleshood. In sum, he was a 'hired gun' who provided deceptive and false testimony in a number of areas. His recollection of Defendant's Exhibit 21, the 1999 Performance Appraisal was pathetic.

"The evidence overwhelmingly indicated the existence of an implied in fact contract not to terminate except for good cause; no good cause existed. Additionally, there was a breach of the implied covenant of good faith and fair dealing. The manner of Plaintiff's discharge was sly and sounded in conspiracy.

"The evidence was insufficient to prove age discrimination, harassment, or wrongful termination in violation of public policy nor a basis for the imposition of punitive damages." Based on the foregoing, the arbitrator "awarded economic damages in the sum of $914,843 and general damages to compensate for emotional distress in the sum of $275,000, for a total award of $1,189,843."

The same day the arbitrator issued his award, August 5, 2002, plaintiff's attorney faxed a letter to defendants' attorney asking to "know how much time you will need to tender payment of the award." He added: "If we do not hear from you by August 7, 2002, at 9:30 a.m., we will give notice for an ex parte application to confirm the arbitration award for August 8, 2002, at 8:30 a.m. . . ."

Late in the morning on August 7, defendants' attorney faxed a letter to plaintiff's attorney. He advised plaintiff's attorney that under Code of Civil Procedure section 1288.4, a petition to confirm an arbitration award could not be filed until 10 days after service of the award. In addition, he would be asking the arbitrator to correct that portion of the award granting plaintiff $275,000 in general damages for emotional distress, in that plaintiff did not seek damages for emotional distress on his contract claims, and California law does not permit an award of such damages. Further, under Code of Civil Procedure section 1288.6, if application is made for correction of an arbitrator's award, the petition to confirm the award may not be filed and served until determination of that application. Defendants' attorney requested that plaintiff's attorney advise him if he still intended to appear ex parte the following morning. Plaintiff's attorney faxed a letter to defendants' attorney, giving notice of his intention to file an ex parte "Motion to Compel Enforcement of the Judgment" the following day. Later that day, defendants' attorney filed a request for correction of the arbitration award on the grounds the $275,000 award of general damages for emotional distress was neither sought in the complaint nor authorized by law.

Plaintiff's attorney did not follow through with his stated intention to file a "Motion to Compel Enforcement of the Judgment" the following day. Instead, on August 9, 2002, he filed his own motion to amend the pleadings to conform to proof at the arbitration proceedings. He sought to add causes of action for negligent and intentional infliction of emotional distress. He also filed a brief on the availability of damages for emotional distress in contract actions.

The motions were argued on August 22, 2002. On August 30, the arbitrator signed an "amended" award. He granted defendants' motion to strike the $275,000 in general damages for emotional distress and denied plaintiff's

motion to amend the pleadings to conform to proof. This reduced the award to $914,843. The amended award was not served on the parties until October 14, 2002, however.[1]

Prior to service of the amended award, on September 12, 2002, plaintiff's attorney faxed a letter to defendants' attorney notifying him of his intent to file an ex parte application on September 13 to enforce the original August 5, 2002 arbitration award or, in the alternative, to prevent the issuance of an amended award due to lack of jurisdiction. Defendants' attorney replied that same day by a faxed letter that a noticed motion to enforce the arbitration award was required; an ex parte application was improper. In addition, plaintiff waived any claim of lack of jurisdiction by failing to raise it with the arbitrator.

On September 13, plaintiff moved to confirm the August 5, 2002 arbitration award. Defendants filed opposition to the motion, claiming a noticed motion was required and that plaintiff waived any claim that the arbitrator lacked jurisdiction to amend the original award.

The court took the position that the parties agreed to be bound by the arbitrator's award and the original award should stand unless contrary to public policy. In addition, even if the matter were heard on a noticed motion, defendants' counsel could do nothing further for his clients in representing their interests. The court therefore issued an order confirming the original August 5, 2002 arbitration award and entering judgment accordingly.

## CONTENTIONS

Defendants contend the judgment on the original arbitration award was improper, in that it was not entered pursuant to a petition complying with the Code of Civil Procedure and California Rules of Court. They further contend that both parties consented to the arbitrator's continued jurisdiction over the matter when they submitted their postaward motions to the arbitrator. Finally, they assert the arbitrator's initial award exceeded his powers.

We conclude the trial court properly confirmed the original arbitration award. We agree with the trial court that plaintiff's failure to follow the proper procedure in obtaining confirmation of the award was not prejudicial.

---

[1] According to plaintiff's attorney, he spoke to a representative of ADR Services, the arbitration service the parties used, on September 12, 2002. She said that the amended award would not be issued until defendants paid their bill for the arbitration.

## DISCUSSION

█ Arbitration is governed by Code of Civil Procedure section 1280 et seq.[2] Section 1284 provides that an arbitrator, "upon written application of a party to the arbitration, may correct the award upon any of the grounds set forth in subdivisions (a) and (c) of Section 1286.6[3] not later than 30 days after service of a signed copy of the award on the applicant." It further provides that "[i]f no denial of the application or correction of the award is served within the 30-day period provided in this section, the application for correction shall be deemed denied on the last day thereof."

The original arbitration award was issued and served on August 5, 2002. Section 1284 required that any corrections to the award be served no later than September 4, 2002. Inasmuch as the "amended" arbitration award was not served by that date, defendants' application for correction of the award was deemed denied. (§ 1284.)

Defendants claim that they and plaintiff in essence agreed that the arbitrator could rule on their motions, thus rendering the time limits set forth in section 1284 inapplicable. In support of this claim, they rely on *Rosenquist v. Haralambides* (1987) 192 Cal.App.3d 62 [237 Cal.Rptr. 260] and *Finley v. Saturn of Roseville* (2004) 117 Cal.App.4th 1253 [12 Cal.Rptr.3d 561].

In *Rosenquist*, the parties submitted their dispute to arbitration and agreed to an extension of time for the arbitrator to issue an award. Three days before the expiration of the extended time period, the arbitrator issued an award but reserved jurisdiction to determine attorney's fees. After the expiration of the extended time period, the arbitrator issued a corrected award which included an award of attorney's fees. The court thereafter confirmed the corrected award. (*Rosenquist v. Haralambides, supra*, 192 Cal.App.3d at pp. 65–66.)

On appeal, plaintiff contended the corrected award should be vacated, in that it was in excess of the arbitrator's jurisdiction, having been issued after the date agreed upon by the parties. (*Rosenquist v. Haralambides, supra*, 192 Cal.App.3d at p. 66.) The court noted it had the power to vacate the arbitrator's award under section 1286.2 if the arbitrator exceeded his powers. (*Ibid.*) It found the arbitrator did not exceed his powers, however. (*Id.* at p. 67.)

The parties submitted to the arbitrator the question of entitlement to attorney's fees but submitted no evidence as to the amount of such fees. They

---

[2] All further section references are to the Code of Civil Procedure.

[3] These include an evident miscalculation of figures or mistake in description, or an error of form not affecting the merits of the controversy. (§ 1286.6, subds. (a), (c).)

thus implicitly agreed that once the arbitrator determined the question of entitlement, they would submit to him the question of amount. The arbitrator therefore did not exceed the powers given to him. (*Rosenquist v. Haralambides, supra*, 192 Cal.App.3d at p. 67.)

By analogy, defendants contend, the arbitrator in the instant case had the power to determine the motion to correct the award, in that the parties implicitly agreed he could do so. The problem with defendants' analogy is that the constraints placed on the arbitrator here were statutory, not based on the agreement of the parties. The statute gave the arbitrator a limited period of time in which to rule on the motions for correction of the award and amendment of the pleadings, and the motions were deemed denied when no ruling on them was served within that time period. *Rosenquist* does not stand for the proposition that by submitting their motions to the arbitrator, the parties waived the statutory requirements and the arbitrator no longer was bound by those requirements.

In *Finley v. Saturn of Roseville*, the court stated that "once a matter has been referred to arbitration, the court's involvement is strictly limited until the arbitration is completed. Because the reference to arbitration is essentially an order for specific performance of the arbitration agreement, the arbitration must be considered to include both the initial hearing and decision on the merits and any postdecision remedies provided for in the arbitration agreement." (*Finley v. Saturn of Roseville, supra*, 117 Cal.App.4th at p. 1259.) The court stated that "[a]lthough the matter had been submitted to an arbitrator and the arbitrator had issued a decision, the appellate phase of the proceedings had not yet concluded." (*Ibid.*) Therefore, the court had no jurisdiction to entertain motions by the parties in the matter. (*Id.* at pp. 1259–1260.)

What defendants ignore in their citation of *Finley* is that the arbitration agreement between the parties "provided for review at the option of either party by a second arbitrator." (*Finley v. Saturn of Roseville, supra*, 117 Cal.App.4th at p. 1259.) The court ruled that the trial court had no jurisdiction to compel such review, but the parties should have sought review in the arbitration proceedings by the procedures set forth in the arbitration agreement. (*Id.* at p. 1260.) *Finley* does not stand for the proposition that a trial court has no jurisdiction to rule on a motion or petition after an arbitrator issues an award in any arbitration proceeding until review of the award is complete. If such were the case, the provisions of section 1284 regarding denial of a motion for correction would be nullified.

Defendants also claim that the arbitrator exceeded his authority in issuing his initial award. Defendants never moved to vacate the award, and they did not raise this ground in their opposition to the motion to confirm the award.

Inasmuch as they did not raise this issue below, we cannot reverse the judgment on this ground. (*Hale v. Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512]; *Hennefer v. Butcher* (1986) 182 Cal.App.3d 492, 505 [227 Cal.Rptr. 318].)

Moreover, the arbitrator did not, in fact, exceed his authority in issuing the original arbitration award. He had the authority to resolve the parties' dispute and award damages. (*O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1055–1056 [9 Cal.Rptr.3d 286].) This is precisely what he did. If anything, he simply made an error of law as to what damages could be awarded in the action. As discussed below, this was not a basis for correcting the original award.

■ *Century City Medical Plaza v. Sperling, Isaacs & Eisenberg* (2001) 86 Cal.App.4th 865, 877 [103 Cal.Rptr.2d 605], notes that an arbitrator's "power . . . to correct an award after it has been issued to the parties is limited to evident miscalculations of figures or descriptions of persons, things or property (§ 1286.6, subd. (a)) and nonsubstantive matters of form that do not affect the merits of the controversy. (§ 1286.6, subd. (c).) In other words, apart from those statutory exceptions, an arbitrator may not correct an award that he or she intended on the ground that he or she later determined a factual or legal error had been made in the award." (Italics omitted.) The arbitrator may not reconsider the merits of the original award and make a new award under the guise of correction of the award. (*Century City Medical Plaza, supra*, at pp. 878–879.)

■ An arbitrator may issue an amended or supplemental award if he or she inadvertently omitted a ruling on a submitted issue in the original award. (*Century City Medical Plaza v. Sterling, Isaacs & Eisenberg, supra*, 86 Cal.App.4th at p. 881.) This award must be issued within the time limits set forth in section 1284 for correction of an award, however. (*Id.* at p. 881, fn. 25; but see *Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 658–660 [121 Cal.Rptr.2d 663] [award may be amended any time before judicial confirmation].) The "amended" award here did not fall within this category. It purported to amend or correct the original award, not to add a ruling on an issue submitted for decision but not addressed in the original award. It thus was beyond the arbitrator's power to make. (§ 1286.2, subd. (a)(4); *Century City Medical Plaza, supra*, at p. 877.)

Defendants claim in their reply brief that ADR Services prevented service of the arbitrator's "amended" award in a timely fashion due to a dispute over payment of fees, and this should not have been permitted. Although we are considerably troubled by this claim, we need not address it. Inasmuch as the "amended" award here was beyond the arbitrator's authority, the issue of

ADR Services' prevention of its timely service is moot. Moreover, by raising the claim for the first time in their reply brief, defendants waived it. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [75 Cal.Rptr.2d 27]; *Balboa Ins. Co. v. Aguirre* (1983) 149 Cal.App.3d 1002, 1010 [197 Cal.Rptr. 250].)

As to plaintiff's failure to seek confirmation of the original arbitration award by petition pursuant to section 1285 rather than by ex parte motion, we agree with the trial court that defendants were not prejudiced by this procedural impropriety. Defendants had the opportunity to oppose confirmation of the award. The award properly was confirmed. The result would have been the same had plaintiff filed a section 1285 petition.

The judgment is affirmed.

Ortega, J., and Mallano, J., concurred.