Filed 4/14/25  Porch.com v. Kandela CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PORCH.COM, INC., | B326289 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 22STCP03332) |
| v. | |
| KANDELA, LLC, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Hayes Litigation, Daniel M. Hayes and Oscar A. Alvarez for Defendant and Appellant.

Ropers Majeski, Stephen J. Erigero, E. Lacey Rice, Ernest E. Price; Greines, Martin, Stein & Richland, Gary J. Wax and Alex Chemerinsky for Plaintiff and Respondent.

————————————

Kandela, LLC appeals from a judgment confirming an arbitration award in favor of Porch.com, Inc. and its chief executive officer, Matthew Ehrlichman (collectively, Porch), in a dispute arising from Porch's 2019 acquisition of Kandela. In 2021 Kandela sued Porch for fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing based on allegations Porch did not intend to pay Kandela a $6 million performance-based earnout of Porch.com stock set forth in the parties' asset purchase agreement and sabotaged Kandela's ability to meet its revenue targets necessary to receive the stock. The dispute was submitted to arbitration; after an evidentiary hearing the arbitrator found Kandela failed to prove its claims and awarded Porch its fees and costs. The arbitrator also found Kandela's arbitration demand did not include a claim for fraudulent inducement, and he denied Kandela's request to amend its demand to conform to proof.

On appeal Kandela contends the trial court was required to vacate the arbitration award under Code of Civil Procedure section 1286.2,[1] subdivision (a)(5), because the arbitrator failed to determine an issue submitted to the arbitrator, in violation of section 1283.4. However, Kandela fails to provide an adequate record of the arbitration proceedings to support its contention it had submitted its fraudulent inducement claim for arbitration. We affirm.

---

[1] Further undesignated statutory refences are to the Code of Civil Procedure.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Asset Purchase Agreement*[2]

Kandela was founded in 2012 by David Fiedler and Eli Gordon as a "one-stop-shop" concierge service for people in the process of moving homes. Kandela's call-center representatives would connect homeowners free-of-charge with local providers of services such as cable television, internet, home security, and home warranties. Kandela earned revenue from commissions paid by the service providers; in turn, Kandela shared revenue with utility companies that were Kandela's primary referral source of new homeowners.

Porch.com was founded in 2013 by Ehrlichman as a technology-based marketplace for connecting homeowners with handypersons, electricians, plumbers, movers, and other home service providers. Recognizing potential synergies between the two businesses, Porch.com approached Kandela as a potential merger partner in 2018. The parties began to negotiate Porch's outright acquisition of Kandela, eventually closing a sale in March 2019. In consideration for acquiring substantially all of Kandela's assets, Porch agreed to provide Kandela with a fixed number of shares of Porch.com common stock valued at $11.5 million, including an earnout[3] of common stock valued at

---

[2]    Our summary of the acquisition and agreement is based on the findings in the arbitration award.

[3]    NASDAQ's Glossary of Stock Market Terms defines an "earn-out" as "an additional payment in a merger or acquisition that is not part of the original acquisition cost, which is based on the acquired company's future earnings relative to a level

$6 million over three years, dependent on Kandela meeting specified revenue targets in 2019, 2020, and 2022. In addition, Gordon and Fiedler entered into three-year employment agreements with Porch.

The parties' asset purchase agreement (agreement) was dated March 22, 2019 and signed by Ehrlichman and Gordon. The agreement provided that Gordon and Fiedler would have "reasonable discretion," subject to Porch's oversight and direction, "to operate the business on a day-to-day basis as they deem reasonably appropriate to achieve [Porch's] objectives and achieve the milestone targets and earn the earnout shares." Porch agreed "not to take any action in bad faith with the intent or effect of adversely affecting [Kandela's] ability to achieve the milestone targets and earn the earnout shares."[4] However, the agreement provided that gross revenue derived from referrals to a company called Updater, a Porch competitor that had been a significant source of Kandela's revenue, would not count toward the earnout targets.

The agreement included an arbitration provision stipulating that "any dispute, claim or controversy arising out of, or relating to, this [a]greement or the breach, termination, enforcement, interpretation or validity thereof" would be determined by binding arbitration. The provision also provided for the prevailing party to receive reasonable attorneys' fees and costs. An integration clause stated the agreement and

---

determined by the merger agreement." (NASDAQ Glossary of Stock Market Terms <https://www.nasdaq.com/investing/glossary/e/earn-out> [as of Apr.14, 2025].)

[4] We omit capitalization, italics, underlining, and boldface in documents cited in this opinion.

enumerated ancillary documents "supersede all prior and contemporaneous understandings and agreements, both written and oral, with respect to the subject matter."

B.    *The Complaint (Case No. 20STCV17705)*

Almost immediately after the acquisition closed, the parties ran into numerous difficulties transitioning Kandela's business into Porch operations, and on May 11, 2020 Kandela filed a lawsuit against Porch (*Kandela, LLC v. Porch.com, Inc., et al.* (Super. Ct. Los Angeles County, 2020, No. 20STCV17705)). Kandela's complaint asserted three causes of action: (1) fraud against Porch.com and Ehrlichman; (2) breach of contract against Porch.com; and (3) breach of the implied covenant of good faith and fair dealing against Porch.com.

The complaint alleged one set of "facts common to all causes of action." As alleged in paragraph 35 of the complaint (with no specific heading), during the parties' negotiations prior to executing the agreement, Porch represented it placed no value on Kandela's relationship with Updater, which it intended to phase out by June 2019, and Kandela would have the ability to reach the revenue milestones in part by offering its customers new Porch.com products and services and coupons for discounted Porch.com services.

Under the heading "Porch's post-closing misrepresentations and misconduct," the complaint alleged in paragraphs 40 to 52 numerous ways in which Porch prevented Kandela from achieving the revenue targets necessary to receive the earnout. Among other things, Porch (1) directed Kandela to expand rather than phase-out its relationship with Updater even though Updater revenue still did not count toward the earnout targets;

5

(2) assigned Kandela executives to numerous tasks unrelated to the company's business; (3) failed to provide adequate resources for Kandela's call center, impacting Kandela's ability to manage calls transferred from utility partners; (4) failed to follow up on referrals from Kandela; (5) directed Kandela to sell Porch products and services that did not exist; and (6) further damaged Kandela's relationships with utility partners by promising nonexistent products and services and using deceptive and inconsistent marketing. After Gordon requested an audit into these issues, Porch began to systematically exclude Gordon from Porch management communications.

Kandela's first cause of action for "fraud" alleged in relevant part that Porch's promise to pay a $6 million earnout if Kandela met revenue targets was false: "Porch did not intend to perform this promise at the time it was made. Instead, Porch's intent was to preclude Kandela from ever achieving any earnout." Further, "Porch intended for Kandela to rely on this promise of a prospective earnout"; Porch "knew that Kandela would not have entered into the Agreement without the promise of a substantial and achievable earnout"; Kandela "reasonably relied on Porch's promise of a prospective earnout"; and "Porch did not perform the promised act, and . . . acted to preclude Kandela from achieving any earnout." Porch's conduct caused Kandela to lose millions of dollars in revenue and rendered it unable to achieve its earnout.[5]

---

[5] The fraud cause of action also alleged in paragraph 89 that Porch made four additional "false representations of material fact" with the intent to induce Kandela to act or refrain from acting, all concerning services Porch stated Kandela could offer to its potential customers. The fraud cause of action did not specify whether these representations were made before or after the

The causes of action for breach of contract and bad faith alleged, based on the common factual allegations, that Porch breached its contractual and good faith obligations to give Gordon and Fiedler reasonable discretion to operate Kandela and not to take action adversely affecting Kandela's ability to achieve the earnout. Kandela prayed for compensatory damages exceeding $11.5 million and punitive damages.

C.    *The Arbitration and Award*[6]

On October 12, 2020 Kandela filed a demand for arbitration (demand) with JAMS after the parties stipulated to binding arbitration and a litigation stay.[7] Kandela attached its complaint to the JAMS demand form. Porch filed a response to the demand on October 29, and on January 28, 2021 the arbitrator, Richard Chernick, entered an order finding the claims were arbitrable. The arbitrator ordered based on the parties' agreement that the

---

closing, or what action Porch intended Kandela to take (or refrain from taking).

[6]    Our description of the arbitration proceedings is taken from the award.

[7]    Kandela's demand is not in the record. The parties' path to arbitration was serpentine. Porch removed Kandela's original action (case No. 20STCV17705) to federal court, which then dismissed the case absent a showing of diversity. On July 21, 2020 Kandela filed an identical complaint in a new superior court action (*Kandela, LLC v. Porch.com, Inc., et al.* (Super. Ct. Los Angeles County, 2020, No. 20STCV27399). The trial court stayed this second action on October 24 pursuant to the parties' stipulation to arbitrate, and in 2021 (during the arbitration) dismissed it.

JAMS Comprehensive Arbitration Rules (JAMS rules) would apply to the arbitration.

There was extensive discovery, and the arbitrator resolved several discovery disputes throughout 2021 and in early 2022. The arbitrator held a final status conference on February 25, 2022. The parties submitted pre-hearing briefs on March 2, a week before the evidentiary hearing.

A bifurcated evidentiary hearing on liability was conducted over 10 days between March 9 and March 24, 2022, deferring presentation of evidence on damages. The arbitrator admitted all evidence offered by the parties and overruled all objections to exhibits. Eighteen witnesses testified, including four experts.[8] The parties submitted post-hearing opening briefs on April 25 and reply briefs on May 4. The arbitrator issued an interim award on May 19 finding against Kandela and directing Porch, as the prevailing party, to file an application for attorneys' fees and costs. On July 8 the arbitrator issued a 24-page final award (award) addressing liability and fees and costs.

The arbitrator concluded in the award that there was no proof of fraud, breach of contract, or breach of the implied covenant of good faith and fair dealing, and he dismissed those claims. The arbitrator rejected Kandela's claims for fraudulent inducement and tortious interference, finding these claims were

---

[8] The entire hearing was reported, but the record does not include the transcript (other than short excerpts submitted with Porch's petition to vacate the award).

not included in Kandela's demand and Kandela first asserted them in its hearing briefs in violation of JAMS rules 9 and 10.[9]

Specifically, rule 9 ("Notice of Claims") provided in pertinent part: "(a) Each party shall afford all other parties reasonable and timely notice of its claims, affirmative defenses or counterclaims. Any such notice shall include a short statement of its factual basis. No claim, remedy, counterclaim or affirmative defense will be considered by the arbitrator in the absence of such prior notice to the other parties, unless the arbitrator determines that no party has been unfairly prejudiced by such lack of formal notice." Rule 10 ("Changes of Claims") provided in part: "After the arbitrator is appointed, no new or different claim may be submitted, except with the arbitrator's approval. A party may request a hearing on this issue."

The arbitrator found in the award, "The assertion of fraudulent inducement and tortious interference claims by [Kandela] for the first time in pre- and post-hearing briefs, without any attempt (formally or informally) to seek to add those claims to the demand, is a clear violation of these rules. It should not surprise [Porch] that such claims might be asserted, based on the nature of the discovery in this case, but that is insufficient to satisfy the rule that the arbitrator is not permitted to consider

---

[9] On our own motion, we take judicial notice of the JAMS Comprehensive Arbitration Rules and Procedures (effective July 1, 2014, superseded July 1, 2021) available on the JAMS website: <https://www.jamsadr.com/files/Uploads/ Documents/ JAMS-Rules/JAMS_comprehensive_arbitration_rules-2014.pdf> (as of Apr. 14, 2025). (Evid. Code, §§ 452, subd. (h), 459, subd. (a); see *Emerald Aero, LLC v. Kaplan* (2017) 9 Cal.App.5th 1125, 1132, fn. 5 [arbitration rules are subject to judicial notice].)

9

such a claim unless there is no prejudice to [Porch] . . . . Had [Kandela] successfully sought permission to amend, [Porch] could have shaped their discovery and hearing preparation accordingly." Porch "objected to the addition of these claims in their post-hearing briefing, so there was no consent."

The arbitrator rejected Kandela's argument that JAMS rules 9 and 10 were superseded by court rules allowing pleading amendments to conform to proof, including section 469 ("[v]ariance between the allegation in a pleading and the proof shall not be deemed material, unless it has actually misled the adverse party to his or her prejudice") and section 576 ("[a]ny judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading"). The arbitrator reasoned the court rules did not apply to an arbitration governed by the JAMS rules, and "neither Rule 9 nor Rule 10 contemplates such a procedure." Moreover, Kandela made "no showing that the late submission of these additional tort theories was not prejudicial" to Porch.

Based on his determination there was no submitted claim for fraudulent inducement to enter the agreement, the arbitrator ruled "he must therefore disregard the[] pre-closing representations" adduced at the evidentiary hearing based on the agreement's integration clause. However, the arbitrator observed "that some of these same claims are made as part of the fraud claim Kandela directs to post-closing conduct" and remained properly at issue. For example, contrary to Kandela's contention that Porch misrepresented it would provide significant staffing for Kandela's call center, "the evidence supports the conclusion

10

Kandela knew pre-acquisition that it would be primarily responsible for managing call center operations. . . ."

Addressing Porch's fraud claim, the arbitrator found Porch made no material misrepresentations to Kandela after the closing; at most Porch made misleading statements to Kandela's utility partners about Porch products and services, but Kandela was aware of Porch's actual capabilities and limitations "almost immediately after closing." Similarly, with respect to revenue from Updater, the evidence showed "Ehrlichman was quite candid in his post-closing communications with Fielder that the Updater revenue was valuable to Porch and that he 'did not have to pay for it' . . . by virtue of the earnout exclusion." The arbitrator also observed with respect to any pre-closing representation that on the day before the closing Ehrlichman transmitted an email to Fiedler stating Porch "'will absolutely want to retain [Updater] business.'"

The arbitrator further found Kandela's claim of post-closing fraud was undermined by its argument in its post-hearing opening brief that it "quickly became clear after the acquisition that [Porch's] representations [pre-closing] were false, and that Porch never intended or had the capability to perform these promises." The arbitrator found "[t]hese assertions are effectively concessions that no material post-closing representations were made and/or that Kandela did not rely on post-closing representations in any meaningful way," and, to the extent Kandela did rely on these post-closing representations, "such reliance would not be reasonable" because Kandela was aware almost immediately after the closing that the representations before the closing were false.

With respect to Kandela's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, the arbitrator found Porch did not unreasonably interfere with Kandela's management discretion or prevent it from meeting the earnout targets. As to Ehrlichman's statements that exaggerated the services Porch could provide to utility partners, the trial court found Porch intended (albeit misguidedly) to expand Kandela's business, and Porch also provided Kandela "many forms of positive assistance" to help Kandela achieve the revenue targets.

Finally, with respect to attorneys' fees and costs, the arbitrator made significant lodestar reductions and awarded Porch $927,257 in fees and $474,557 in costs, for a total award of $1,401,814.

D. *The Petition To Confirm (Case No. 22STCP03332)*

On September 8, 2022 Porch initiated the current action (case No. 22STCP03332) by filing a form petition to confirm the award. The petition attached the agreement, the award, and an attorney declaration summarizing the timeline of the lawsuit and arbitration. As relevant here, the declaration stated that when Kandela submitted its demand to JAMS, it "attach[ed] its complaint as its 'Nature of Dispute/Claims & Relief Sought by Claimant.' The complaint . . . asserted the following causes of action: (1) fraud; (2) breach contract; and (3) breach of the implied covenant of good faith and fair dealing." Porch later filed a memorandum arguing the trial court was required to confirm the award under sections 1286 and 1287.4.

On September 16, 2022 Kandela timely filed an opposition brief. Kandela argued the arbitrator abused his discretion in denying Kandela's "request to amend its initial pleading," an

12

error that required vacatur under section 1286.2, subdivision (a)(4).[10] Porch asserted the arbitrator erred in finding Kandela failed to make an affirmative showing Porch would suffer no prejudice from the amendment. To the contrary, it was clear from Porch's pre-hearing brief that it would not be prejudiced because Porch described Kandela's complaint as alleging Porch "fraudulently induced [Kandela] to enter into the [asset purchase agreement] with the intention of preventing Kandela from achieving any earnout." In a supporting declaration, Kandela attached Porch's March 2, 2022 pre-hearing brief, Kandela's post-hearing opening brief, and the award.

In reply Porch argued, "Some eighteen months of discovery strategy and exchange and hearing preparation were . . . based solely on [the] three causes of action" in the complaint, and "[i]t was not until the eve of arbitration itself that Kandela attempted 'to finagle' two more claims in its opening briefing without formal notice." The arbitrator's determination that JAMS rules 9 and 10 applied to the proceeding and foreclosed the amendment was not error, and even if it was error, it was not grounds for vacatur.

On October 7, 2022, the Friday before the Monday hearing on the petition to confirm, Kandela filed a petition to vacate the award. Kandela argued the arbitrator's refusal to consider evidence of pre-closing representations required vacatur because Kandela was "substantially prejudiced . . . by the refusal of the arbitrator to hear evidence material to the controversy."

_____

10      Section 1286.2, subdivision (a)(4), states that a court shall vacate an arbitration award if it determines "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."

13

(§ 1286.2, subd. (a)(5).)  Kandela argued "[t]he gravamen of Kandela's fraud claim was that Kandela was defrauded into entering into the Asset Purchase Agreement in the first place" and there was substantial supporting evidence of false promises introduced at the evidentiary hearing that the arbitrator ignored in his award.  Kandela filed an attorney declaration attaching excerpts of pre-hearing discovery and excerpts of the evidentiary hearing to support an argument that Porch had "ample opportunity" to take discovery and develop a defense strategy with respect to fraudulent inducement.

The trial court held a hearing on the petition to confirm on October 10, 2022, and two days later the court granted the petition.  In its order the court relied on *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28-29 (*Moncharsh*) in holding it could not "refuse to confirm an arbitrator's award based on error."  As to due process, the court stated, "The JAMS rules provide a full and fair opportunity for a claimant to add a new claim.  Kandela violated those rules, and the arbitrator found that allowing the amendment at a late stage would prejudice Porch. . . .  Courts routinely deny last-minute attempts to amend complaints under Code of Civil Procedure section 473 without violating due process."  The court took Kandela's petition to vacate the award off calendar as moot.

On October 12, 2022 the trial court entered judgment against Kandela and in favor of Porch for $1,401,814 in attorneys' fees and costs, plus interest from the date of the award.  Kandela timely appealed.

14

## DISCUSSION

A.      *Judicial Review of Arbitration Awards*

"California law favors alternative dispute resolution as a viable means of resolving legal conflicts.  'Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration.'" (*Richey v. AutoNation Inc.* (2015) 60 Cal.4th 909, 916; accord, *Valencia v. Mendoza* (2024) 103 Cal.App.5th 427, 440 (*Valencia*).)  "'The scope of judicial review of arbitration awards is extremely narrow.'" (*E-Commerce Lighting, Inc. v. E-Commerce Trade LLC* (2022) 86 Cal.App.5th 58, 63.)  The California Arbitration Act (§ 1281 et seq.; CAA) provides "only limited grounds for judicial review of an arbitration award"; under the statute, "courts are authorized to vacate an award if it was (1) procured by corruption, fraud, or undue means; (2) issued by corrupt arbitrators; (3) affected by prejudicial misconduct on the part of the arbitrators; or (4) in excess of the arbitrators' powers." (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1344, citing § 1286.2, subd. (a); see *Soni v. SimpleLayers, Inc.* (2019) 42 Cal.App.5th 1071, 1085-1286, fn. omitted ["The exclusive grounds for vacating an arbitration award are provided in [section] 1286.2."].)

"'[A]rbitrators do not exceed their powers merely because they assign an erroneous reason for their decision.' [Citations.] A contrary holding would permit the exception to swallow the rule of limited judicial review; a litigant could always contend the arbitrator erred and thus exceeded his powers." (*Moncharsh,*

15

*supra*, 3 Cal.4th at p. 28; accord, *Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932, 957 ["'Generally, courts cannot review arbitration awards for errors of fact or law, even when those errors appear on the face of the award or cause substantial injustice to the parties.'"]; *Heimlich v. Shivji* (2019) 7 Cal.5th 350, 367 ["Most legal errors in arbitration are not reviewable."].)

"Section 1285.4 prescribes the requirements for a petition to confirm an arbitration award. 'A petition to confirm need only set forth (1) the names of the arbitrators, (2) the arbitration agreement (by description or attached copy), and (3) the award and written opinion of the arbitrators (by description or attached copy).'" (*Valencia, supra*, 103 Cal.App.5th at p. 442.) "If a petition . . . is duly served and filed, the court shall confirm the award as made, unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings." (§ 1286.) "Accordingly, once a petition to confirm that meets the statutory requirements has been served, '"the burden is on the party attacking the award to affirmatively establish the existence of error."'" (*Valencia*, at p. 442; accord, *Rivera v. Shivers* (2020) 54 Cal.App.5th 82, 94.)

"We review de novo a trial court order confirming an arbitration award, including its determination whether the arbitrator exceeded her powers in granting relief." (*Valencia, supra*, 103 Cal.App.5th 442; see *Roussos v. Roussos* (2021) 60 Cal.App.5th 962, 973 ["'"'On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard.'"'"].) However, we review a trial court's determination of disputed factual issues for substantial evidence. (*Roussos*, at p. 973.)

Although we review the trial court's decision de novo, we defer to the arbitrator's assessment of his jurisdiction and his interpretation of the arbitration rules.  (See *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372 ["Although section 1286.2 permits the court to vacate an award that exceeds the arbitrator's powers, the deference due an arbitrator's decision on the merits of the controversy requires a court to refrain from substituting its judgment for the arbitrator's in determining the contractual scope of those powers."]; *Ortiz v. Elmcrest Care Center, LLC* (2024) 106 Cal.App.5th 594, 613, fn. 8 ["[U]nless the parties have agreed the arbitrator's interpretation of provider rules may be judicially reviewed on the merits, the court must 'defer to the arbitrator's interpretation and application of the [JAMS] Rules.'"].)  "'There is a presumption favoring the validity of the award, and appellant bears the burden of establishing [its] claim of invalidity.'"  (*Valencia, supra*, 103 Cal.App.5th at p. 442.)

B.    *Kandela Has Failed To Provide a Record To Support Its Contention the Arbitrator Did Not Determine a Submitted Issue*

This is Kandela's third bid to recast the arbitrator's decision not to amend the demand as a form of judicially reviewable error.  In its opposition to Porch's motion to confirm, Kandela argued the court should not confirm the award because the arbitrator exceeded his power in denying Kandela's request to amend its demand given the lack of prejudice to Porch, requiring vacatur under section 1286.2, subdivision (a)(4).  Then in its petition to vacate the award (not at issue on appeal), Kandela argued the arbitrator erred in refusing to hear evidence of pre-closing representations supporting a fraudulent inducement

17

claim, requiring vacatur of the award under section 1286.2, subdivision (a)(5). Kandela now advances a third legal theory, arguing that under section 1283.4 the award should be vacated because the arbitrator failed to make findings on all issues submitted for arbitration.[11] Kandela's new argument fails because Kandela has not provided a record of the arbitration proceedings sufficient to show the arbitrator's determination of the scope of the issues submitted to him was erroneous.

Section 1283.4 requires that an arbitration award be in writing, signed by the arbitrator, and "include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." Section 1286.2 subdivision (a)(5), provides that a court shall vacate an arbitration award if determines "[t]he rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or *by other conduct of the*

---

[11] Porch contends Kandela forfeited its challenge under section 1283.4 by failing to raise it in the trial court. Kandela responds that its challenge is jurisdictional and can therefore be raised for the first time on appeal. Kandela is correct that an award that does not comport with section 1283.4 is not a final award, and therefore it cannot be confirmed, corrected or vacated by the trial court, nor can it be reviewed on appeal under section 1294, subdivision (d). (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1061.) Given the potential jurisdictional issue, we exercise our discretion not to find forfeiture.

*arbitrators contrary to the provisions of this title.*"[12]  (Italics added.)

Considering these two provisions together, "[i]t has been held that where the record shows that an issue has been submitted to an arbitrator and that he totally failed to consider it, such failure may constitute 'other conduct of the arbitrators contrary to the provisions of this title' justifying vacation of the award under section 1286.2, [subdivision (a)(5)]."  (*Rodrigues v. Keller* (1980) 113 Cal.App.3d 838, 841; accord, *Rosenquist v. Haralambides* (1987) 192 Cal.App.3d 62, 68; see *Heimlich v. Shivji, supra,* 7 Cal.5th at p. 364 ["'[f]ailure to find on all issues submitted is . . . a statutory ground for vacating an award'"].)  A party who challenges an award on this basis faces a "heavy burden."  (*Herman Feil, Inc. v. Design Center of Los Angeles* (1988) 204 Cal.App.3d 1406, 1418.)  "[I]t is presumed that all issues submitted for decision have been passed on and resolved, and the burden of proving otherwise is upon the party challenging the award."  (*Rodrigues*, at p. 842; accord, *Herman Feil*, at p. 1418.)  Moreover, "it is for the arbitrator[] to determine what issues are 'necessary' to the ultimate decision."  (*Advanced Micro Devices, Inc. v. Intel Corp., supra,* 9 Cal.4th at p. 372;

---

[12]  Although Kandela's appeal relies on section 1286.2, subdivision (a)(5), Kandela does not renew the argument it made in the trial court that the arbitrator violated subdivision (a)(5) by refusing "to hear evidence material to the controversy."  That contention is now forfeited.  (See *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issue not raised on appeal is "deemed waived"]; *Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72 ["'"'Issues not raised in an appellant's brief are [forfeited] or abandoned.'"'"].)

19

accord, *Rosenquist*, at p. 68 ["The determination of which issues are actually necessary to the ultimate decision is a question of fact to be resolved by the arbitrator."].)

The arbitrator did not "fail to consider" a question submitted to him. To the contrary, he made a clear and detailed determination that a claim for fraudulent inducement was not properly submitted for resolution. As discussed, the arbitrator made the following findings, among others: Kandela submitted three claims in its demand, including fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing; JAMS rule 9 required "reasonably and timely notice of claims," including "a short statement of [a claim's] factual basis," but Kandela did not assert a claim for fraudulent inducement for 18 months (until its pre-hearing brief); Kandela focused primarily on fraudulent inducement in its post-hearing briefs (and even then, it never formally sought to amend the demand or address prejudice as required under JAMS rule 10); and although the fraudulent inducement claim "should not [be a] surprise," Kandela's failure to provide notice denied Porch an opportunity to "shape[] their discovery and hearing preparation accordingly." On these findings, the arbitrator decided not to allow Kandela to amend its demand to include the fraudulent inducement claim, and, as the trial court correctly held, the arbitrator's decision is not reviewable for legal error. (*Moncharsh, supra*, 3 Cal.4th at p. 28.)

Kandela argues that because Kandela alleged a fraudulent inducement claim in its complaint, reversal is required. But even if we assume the allegations of the complaint provided reasonable notice that Kandela sought recovery on an inducement theory

20

(among others),[13] the complaint does not alone define the issues submitted to the arbitrator for determination. As discussed, JAMS rule 9(a) provides that "each party shall afford all other parties reasonable and timely notice of its claims . . . . Any such notice shall include a short statement of its factual basis." Rule 9(b) adds that a "claimant's notice of claims is the demand for arbitration . . . . It *shall* include a statement of the remedies sought. The demand for arbitration *may* attach and incorporate a copy of a Complaint previously filed with a court." (Italics added.) Rule 16, governing the preliminary conference, covers case management topics such as "(c) The pleadings of the parties and any agreement to clarify or narrow the issues . . . ." There are innumerable strategic reasons why a claimant might choose not to arbitrate a claim, or in this case, a theory within a cause of action in its complaint.

---

[13] Fraudulent inducement to enter a contract is a type of promissory fraud. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638 ["An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract."].) Promissory fraud, in turn is a "subspecies of the action for fraud and deceit," and the pleading elements overlap. (*Ibid.*; see *Ryder v. Lightstorm Entertainment, Inc.* (2016) 246 Cal.App.4th 1064, 1079 [comparing elements of fraud and promissory fraud].) For purposes of our analysis, we assume Kandela's complaint includes allegations that state a cognizable claim for fraudulent inducement, although the complaint also alleges fraud based on post-closing representations and conduct that is not promissory in nature.

The record on appeal includes the award, Porch's pre-hearing brief, and Kandela's post-hearing opening brief.[14]  What happened during the 18 months from the filing of the demand until the filing of the pre-hearing briefs is a black box.  Kandela's arbitration demand under JAMS rule 9(b) is not in the record.  Porch' statement of defenses and counterclaims (rule 9(c)) is likewise not in the record.  Nor does the record contain an account of the preliminary conference at which the parties would have addressed the scope of the issues to be decided, any discovery or dispositive motions, or an account of what happened at the pretrial conference.  Moreover, the record does not include Kandela's pre-hearing brief which may (or may not) shed light on whether Kandela included a fraudulent inducement claim in its demand.  Although the award suggests the parties at some point briefed or argued the issue of amendment of Kandela's demand to include a fraudulent inducement claim, Porch's post-hearing briefs (where it presumably voiced an objection) and Kandela's post-hearing closing brief (where Porch presumably responded) are not in the record.

We have no basis for concluding based on the fact the complaint was attached to Kandela's demand that Kandela

---

[14]  As noted, Kandela attached to its petition to vacate exhibits containing some discovery excerpts and a small portion of the evidentiary hearing transcript.  We do not consider these exhibits because this appeal is from the sustained petition to confirm the award, and the trial court did not consider the evidence submitted in connection with the mooted petition to vacate.  In any event, Kandela does not in its briefing on appeal provide citations to the record for any exhibits it submitted with its petition to vacate or even assert that the exhibits are in the record.

submitted a claim for fraudulent inducement for arbitration. Even if the demand incorporated the complaint, we do not know whether during one of the conferences Kandela narrowed its demand to limit its fraud claim to post-closing misrepresentations and conduct. Kandela therefore failed to meet its heavy burden to overcome the presumed validity of the arbitrator's determination of the issues submitted. (*Herman Feil, Inc. v. Design Center of Los Angeles, supra*, 204 Cal.App.3d at p. 1418.) Moreover, as the appellant, Kandela failed to "affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities." (*LNSU#1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070; see *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 ["[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."].)

## DISPOSITION

The judgment is affirmed.  Porch is entitled to recover its costs on appeal.

FEUER, J.

We concur:

SEGAL, Acting P. J.

PULOS, J.*

---

*     Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.